James Tyrone **WALKER, Appellant,**

v.

The **STATE of Texas, Appellee.**

No. 10–03–141–CR.

Court of Appeals of Texas,
Waco.

May 28, 2003.

James Tyrone Walker, Waco, pro se.

John W. Segrest, McLennan County Dist. Atty., Waco, for appellee.

Before Chief Justice DAVIS, Justice VANCE, and Justice GRAY.

## OPINION

REX D. DAVIS, Chief Justice.

James Tyrone Walker pleaded guilty to credit card abuse. Pursuant to a plea bargain, the court sentenced him to ten years' imprisonment. Walker timely filed a *pro se* notice of appeal.

■ The trial court's certification regarding Walker's right of appeal states, "[T]he defendant has waived the right of appeal." Rule of Appellate Procedure 25.2(d) provides in pertinent part, "The appeal must be dismissed if a certification that shows the defendant has the right of appeal has not been made a part of the record under these rules." TEX.R.APP. P. 25.2(d).

The trial court's certification affirmatively shows that Walker has no right of appeal. Two courts of appeals have concluded that such a certification is "defective" and the parties should be given thirty days to cure it under Rule 37.1.[1] *Daniels v. State*, 110 S.W.3d 174, 177 (Tex.App.-San Antonio 2003, order); *Teel v. State*, 104 S.W.3d 266, 267 (Tex.App.-Beaumont, 2003, no pet. h.).

Two other courts of appeals notify the appellant that the appeal is subject to dismissal unless the appellant shows grounds for continuing the appeal. *Smith v. State*, No. 12–03–079–CR, 2003 WL 1883467, at *1 (Tex.App.-Tyler Apr.16, 2003, no pet. h.) (not designated for publication); *Hasty v. State*, No. 02–03–021–CR, 2003 WL 1784664, at *1 (Tex.App.-Fort Worth Apr. 3, 2003, no pet. h.) (not designated for publication). These courts do not expressly characterize a certification as "defective" if it states that the defendant has no right of appeal. Thus, they do not invoke the provisions of Rule 37.1.[2] *See id.*

Four other courts of appeals take the trial court's certification that the defendant has no right of appeal at face value and dismiss the appeal. *Hynson v. State*, No. 05–03–00085–CR, 2003 WL 1995143, at *1 (Tex.App.-Dallas May 1, 2003, no pet. h.) (not designated for publication); *Aguilar v. State*, No. 14–03–346–CR, 2003 WL 1922509, at *1 (Tex.App.-Houston [14th

---

1. Rule 37.1 provides:

   If the appellate clerk determines that the notice of appeal or certification of defendant's right of appeal in a criminal case is defective, the clerk must notify the parties of the defect so that it can be remedied, if possible. If a proper notice of appeal or certification of a criminal defendant's right of appeal is not filed in the trial court within 30 days of the date of the clerk's notice, the clerk must refer the matter to the appellate court, which will make an appropriate order under this rule or Rule 34.5(c)(2).

   TEX.R.APP. P. 37.1.

2. The Fort Worth Court relied on Rule 44.3, which provides:

   A court of appeals must not affirm or reverse a judgment or dismiss an appeal for formal defects or irregularities in appellate procedure without allowing a reasonable time to correct or amend the defects or irregularities.

   *Id.* 44.3. Thus, while that court did not expressly characterize this type of certification as "defective," the court's invocation of Rule 44.3 implies a view that such a certification is "defective" or "irregular." Otherwise, reliance on Rule 44.3 would be unnecessary.

Dist.] Apr. 24, 2003, no pet. h.) (not designated for publication); *Harris v. State*, No. 01–03–00114–CR, 2003 WL 1849186, at *1 (Tex.App.-Houston [1st Dist.] Apr. 10, 2003, no pet. h.) (not designated for publication); *Smith v. State*, No. 11–03–00067–CR, 2003 WL 1393983, at *1 (Tex.App.-Eastland Mar.20, 2003, no pet. h.) (not designated for publication).

We agree with the latter four courts cited hereinabove that a certification of the defendant's right of appeal is not "defective" if it affirmatively indicates that the defendant has no right of appeal. The form certification promulgated by the Court of Criminal Appeals expressly provides for this type of certification. *See* Tex.R.App. P. 25.2 app. (Vernon 2003). Thus, "correction" of such a certification under Rule 37.1 is not warranted. *Cf. id.* 37.1.

■ We likewise agree with the latter four courts cited above that we should take a trial court's certification that a defendant has no right of appeal at face value. We decline to employ Rule 44.3 because this rule applies only when there are "formal defects or irregularities." Tex.R.App. P. 44.3. As stated, a certification which affirmatively states that a defendant has no right of appeal is not "defective," nor is it "irregular."

The trial court has certified that Walker waived the right of appeal. Walker and his attorney personally signed the trial court's certification. Accordingly, we dismiss the appeal. *Id.* 25.2(d); *see also Monreal v. State*, 99 S.W.3d 615, 622 (Tex. Crim.App.2003) ("a valid waiver of appeal, whether negotiated or non-negotiated, will prevent a defendant from appealing without the consent of the trial court.").