Franklin Pierce CURRIER, Appellant,

v.

The STATE of Texas, Appellee.

No. 01–03–00452–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

Sept. 18, 2003.

Lydia Clay–Jackson, Conroe, TX, for Appellant.

William J. Delmore, III, Chief Prosecutor, Charles A. Rosenthal, Jr., District Attorney, Houston, TX, for Appellee.

Panel consists of Justices HEDGES, NUCHIA, and HIGLEY.

## ORDER TO AMEND CERTIFICATION

PER CURIAM.

A jury found appellant, Franklin Pierce Currier, guilty of Class A misdemeanor assault and assessed punishment at one year in jail, probated for two years, with a fine of $2000. The trial court's certification of appellant's right of appeal in this case reflects that appellant actually waived his right to appeal.

On July 17, 2003, we notified the parties by written order that the appeal would be dismissed unless an amended certification were filed no later than August 8, 2003, and made part of the appellate record no later than August 18, 2003.[1] No amended certification was filed.[2]

1. An appeal must be dismissed unless a certification that shows the defendant has the right of appeal has been made part of the record under the Rules of Appellate Procedure. *See* TEX.R.APP. P. 25.2(d).

2. Appellant's retained counsel filed a document that purported to satisfy our July 17,

2003 order. It was not signed by the trial court, however, and is therefore not an amended certification. According to the Rules of Appellate Procedure, "[t]he *trial court* shall enter a certification of the defendant's right of appeal in every case in which it enters a judgment of guilt or other appealable order." TEX.R.APP. P. 25.2(a)(2). (Emphasis added.)

Since the issuance of our July 17, 2003 order, the reporter's record has been filed. We have searched the entire record for a waiver of the right to appeal and found none. In fact, at the conclusion of the motion for new trial hearing, the trial court stated, "I trust you'll file your—I thought he filed a notice of appeal, but I trust you'll file your notice of appeal," to which appellant's counsel replied, "Oh, most assuredly."

We conclude that the trial court's certification that appellant waived his right to appeal is defective. *See* Tex.R.App. P. 37.1. We **order withdrawn** our order of July 17, 2003.

In accordance with the Texas Rules of Appellate Procedure, we direct the trial court to prepare and file an amended certification of appellant's right of appeal to be included in a supplemental clerk's record. The supplemental record with the trial court's amended certification is due on or before October 8, 2003.

It is so **ORDERED.**