**Ronald Thacker HARGESHEIMER, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 07–03–0544–CR.**

Court of Appeals of Texas, Amarillo.

Jan. 23, 2004.

Ronald T. Hargesheimer, Abilene, pro se.

John L. Owen, Assistant District Attorney, Amarillo, for appellee.

Before JOHNSON, C.J., and QUINN and CAMPBELL, JJ.

*Order on Motion to Dismiss*

PER CURIAM.

Pending before the court is the State's motion to dismiss the appeal of Ronald Thacker Hargesheimer (appellant).[1] It so

---

1. Appellant filed a notice of appeal, *pro se.*

moves because the trial court did not file a certification indicating that appellant had a right to appeal. Instead, the trial court certified, per Texas Rule of Appellate Procedure 25.2(a)(2), that "the defendant has waived the right of appeal." We deny the motion at this time.

Among the documentation provided to this court by the State in support of its motion is that entitled "Defendant's Plea on Community Supervision Revocation." Therein, appellant not only pled "true" to various allegations in the motion to revoke but also waived his right to appeal. So too does the document illustrate that "the State and defense [had] *no agreed recommendation* for the court" as to punishment. (Emphasis in original). Thus, what we have before us is a pre-sentence waiver of the right to appeal accompanied by no bargain with or recommendation from the State as to punishment. Waivers of such ilk are invalid, as a matter of law. *Ex parte Thomas*, 545 S.W.2d 469, 470 (Tex. Crim.App.1977).

We are aware of recent opinions of the Texas Court of Criminal Appeals involving the validity of agreements waiving a defendant's right to appeal. *See e.g., Monreal v. State*, 99 S.W.3d 615 (Tex.Crim.App. 2003); *Blanco v. State*, 18 S.W.3d 218 (Tex.Crim.App.2000). The pivotal facts in those cases differ from the facts depicted in the materials appended to the State's motion to dismiss filed at bar, however. For instance, in *Blanco*, the defendant and State entered into a plea bargain wherein the defendant agreed to waive appeal in exchange for the State's recommendation that he be sentenced to no more than 16 years in prison. *Blanco v. State*, 18 S.W.3d at 219. Moreover, the sentenced levied fell within that range. *Id.* In *Monreal*, the jury had not only found the defendant guilty but also assessed punishment before the defendant agreed to waive his right to appeal. Those circumstances, which were considered determinative by the court in *Monreal*, are missing here. Instead, the limited record before us illustrates that there was no agreement with regard to punishment once guilt was adjudicated. So, our situation is unlike that in *Blanco*. And, that appellant had yet to be sentenced distinguishes our case from *Monreal*. Instead, the items presented by the State depict a scenario much like that in *Ex parte Thomas*, wherein the defendant waived his appeal before sentence and without the benefit of a plea bargain. Finally, neither *Blanco* nor *Monreal* overruled *Thomas*. Thus, we conclude that *Thomas* is still good law when the circumstances deemed pivotal by it arise.

So too are we cognizant of the authority suggesting that an appellate court has no choice but to accept the trial court's certification under Rule 25.2(a)(2) and dismiss if it fails to show that the appellant had a right to appeal. *See e.g. Walker v. State*, 110 S.W.3d 509, 510 (Tex.App.-Waco 2003, no pet.) (wherein the trial court's certification stated that appellant waived his right to appeal and the appellate court interpreted that certification as affirmatively showing that appellant had no right of appeal). Yet, the courts of appeal do not unanimously follow that line of authority. *See Daniels v. State*, 110 S.W.3d 174, 177 (Tex.App.-San Antonio 2003, order). Nor do we find it persuasive when the record itself negates the accuracy of the certification or illustrates it to be defective, as it does here. Simply put, we cannot ignore those portions of the record which negate the accuracy of the trial court's certification. Indeed, authority obligates us to take appropriate action under Texas Rule of Appellate Procedure 37.1 when defects are discovered and are not corrected by the parties. TEX.R.APP. P. 37.1. A certification that the appellant waived his right to appeal when the waiver is invalid as a

matter of law is one such defect in the certification.

Accordingly, we deny, without prejudice, the State's motion to dismiss. Pursuant to Rules 2, 34.5(c)(2) and 37.1 of the Texas Rules of Appellate Procedure, we abate and remand the cause to the trial court with directions to re-certify whether appellant has a right to appeal. Should the trial court execute a certification indicating that appellant has a right to appeal, we next direct it to convene a hearing (upon reasonable notice to the parties) to determine whether appellant desires to prosecute an appeal, is indigent, has no counsel, and is entitled to an appointed counsel. If it finds that appellant is indigent, without counsel, and entitled to appointed counsel, the trial court shall also appoint counsel to represent appellant on appeal. The order, if any, appointing counsel must include the name, address, state bar number, telephone number and telefax number of the individual appointed. Next, the re-certification and order, if any, appointing counsel must be included in a supplemental clerk's record filed with the clerk of this court on or before February 23, 2004. Finally, a transcription of the hearing convened by the trial court, if any, must be included in a supplemental reporter's record and filed with the clerk of this court on or before February 23, 2004. Should the trial court need more time to comply with this order, then it must request it before February 23, 2004.