NO. 07-04-0008-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

MARCH 23, 2004

_____

DAVID RAMOS, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 108TH DISTRICT COURT OF POTTER COUNTY;

NO. 46,215-E; HONORABLE ABE LOPEZ, JUDGE

_____

Before QUINN and REAVIS, JJ. and BOYD, S.J.[1]

**MEMORANDUM OPINION**

Pursuant to the State's motion to proceed with an adjudication of guilt on the original

charge of possession of a controlled substance for numerous violations of the conditions

_____

[1]John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment.

of his community supervision, appellant pled true without a recommendation on punishment. Following a hearing on the State's motion, the trial court sentenced appellant to 20 years confinement. Pending before this Court is the State's motion to abate this appeal and remand the cause to the trial court with directions to re-certify David Ramos's right of appeal. Although no clerk's record has been filed to date, the State has provided us with certified copies of the necessary documents to dispose of its motion. We grant the motion.

Without a recommendation on punishment, appellant signed a document entitled "Defendant's Plea on Community Supervision Revocation" in which he averred he freely, knowingly, and voluntarily waived any right to appeal he may have. Pursuant to Rule 25.2(a)(2) of the Texas Rules of Appellate Procedure which requires the trial court to enter a certification of the defendant's right of appeal, the court certified that "defendant has waived the right of appeal." A pre-sentence waiver of the right to appeal without a plea agreement or a recommendation cannot be knowingly and intelligently made and is not binding on a defendant. Ex parte Thomas, 545 S.W.2d 469, 470 (Tex.Cr.App. 1977).

Relying on this Court's decision in Hargesheimer v. State, No. 07-03-0544-CR, 2004 WL 112628, at *1 (Tex.App.–Amarillo Jan. 23, 2004, no pet. h.), the State now moves that we abate the appeal and remand the cause to the trial court with directions to re-certify whether appellant has a right to appeal. See Tex. R. App. P. 2, 34.5(c)(2), and 37.1. In Hargesheimer, the State filed a motion to dismiss the appeal based on the trial court's

2

certification that the defendant had waived the right to appeal. We denied the motion without prejudice and, based on an invalid pre-sentence waiver of the right to appeal without a plea bargain or a recommendation on punishment, we abated the appeal and remanded the cause for the trial court to re-certify the defendant's right to appeal. Based on *Thomas* and *Hargesheimer*, we agree with the State that this appeal must be abated and the cause remanded to the trial court with directions to re-certify whether appellant has the right to appeal. Should the trial court determine that appellant does have the right to appeal, it shall execute a certification indicating so and conduct a hearing after notice to the parties to determine the following:

1. whether appellant desires to prosecute an appeal; and

2. whether appellant is indigent and entitled to appointed counsel.

The trial court shall cause the hearing, if any, to be transcribed. If appellant desires to continue this appeal and is entitled to appointed counsel, the trial court shall enter an order appointing counsel and include counsel's name, address, state bar number, telephone number, and facsimile number.

Finally, the re-certification and order appointing counsel, if any, shall be included in a supplemental clerk's record. A transcription of the hearing, if any, must be included in a supplemental reporter's record. Both the supplemental clerk's and reporter's record must be filed with the Clerk of this Court on or before Monday, April 26, 2004. Should the trial

3

court require more time to comply with the directions of this Court, it must request an extension prior to April 26, 2004.

Accordingly, the appeal is abated and the cause is remanded for further proceedings.

Per Curiam

Do not publish.