James Douglas **HARRIS**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 10–03–00258–CR.

Court of Appeals of Texas, Waco.

May 12, 2004.

H. Fred Neale, Attorney At Law, Mexia, for Appellant/Relator.

Roy Defriend, County & District Attorney for Limestone County, Groesbeck, for Appellee/Respondent.

Before Chief Justice GRAY, Justice VANCE, and Justice REYNA.

## ABATEMENT ORDER

PER CURIAM.

James Douglas Harris appeals from the revocation of his community supervision for burglary of a building. The trial court signed a certification of the defendant's right of appeal stating that this is a plea-bargain case and Harris has no right of appeal. The record belies the court's certification. Accordingly, we will abate this appeal to the trial court for entry of an amended certification.

Rule of Appellate Procedure 25.2(d) requires this Court to dismiss any criminal appeal in which the record does not contain a certification showing that the appellant has the right of appeal. TEX.R.APP. P. 25.2(d). Rule 37.1 provides that the appellate court clerk must notify the parties if the Court receives a "defective" certification of the defendant's right of appeal "so that it can be remedied, if possible." *Id.* 37.1. Rule 44.3 prohibits an appellate court from dismissing an appeal "for formal defects or irregularities in appellate procedure without allowing a reasonable time to correct or amend the defects or irregularities." *Id.* 44.3.

Rule 44.4 provides:

(a) Generally. A court of appeals must not affirm or reverse a judgment or dismiss an appeal if:

(1) the trial court's erroneous action or failure or refusal to act prevents the proper presentation of a case to the court of appeals; and

(2) the trial court can correct its action or failure to act.

(b) Court of Appeals Direction if Error Remediable. If the circumstances described in (a) exist, the court of appeals must direct the trial court to correct the error. The court of appeals will then proceed as if the erroneous action or failure to act had not occurred.

*Id.* 44.4.

In *Walker v. State*, this Court concluded that a certification of the defendant's right of appeal is not "defective" merely because it states that the defendant has no right of appeal. 110 S.W.3d 509, 511 (Tex.App.-Waco 2003, no pet.). Two courts have reached the opposite conclusion. *See Daniels v. State*, 110 S.W.3d 174, 175 (Tex. App.-San Antonio 2003, no pet.); *Teel v. State*, 104 S.W.3d 266, 267 (Tex.App.-Beaumont 2003, no pet.).

The El Paso Court of Appeals has struck a middle ground in this situation. That Court recognizes that an appellate court "has implied authority to inquire into the validity or accuracy of a certification before dismissing the appeal." *Stowe v. State*, 124 S.W.3d 228, 233 (Tex.App.-El Paso 2003, order). Thus, that Court has concluded that a certification that the defendant has no right of appeal is "defective" if it is contrary to the record (*i.e.*, if the record affirmatively reflects that the defendant has the right of appeal). *See id.* at 236; *accord Hargesheimer v. State*, 126

S.W.3d 658, 659–60 (Tex.App.-Amarillo 2004, order) (per curiam); *Currier v. State,* 114 S.W.3d 754, 755 (Tex.App.-Houston [1st Dist.] 2003, order) (per curiam).

Two of these courts of appeals abated the case for the trial court to enter an amended certification consistent with the record. *See Hargesheimer,* 126 S.W.3d at 660; *Stowe,* 124 S.W.3d at 236–37. The other ordered the trial court to prepare and file an amended certification without abating the appeal. *Currier,* 114 S.W.3d at 755. We now overrule *Walker* to the extent it is inconsistent with these decisions.

Here, Harris seeks to appeal the revocation of his community supervision, which he has a statutory right to do.[1] *See* Tex. Code Crim. Proc. Ann. art. 42.12, § 23(b) (Vernon Supp.2004). Accordingly, the trial court's certification is in error.

This Court "must not" dismiss an appeal based on an erroneous certification when the trial court can correct the error. *See* Tex.R.App. P. 44.4. Because the clerk's record and the reporter's record have been filed, the trial court no longer has authority to act in this matter absent an abatement order. *See* Tex.R.App. P. 25.2(g); *cf. Currier,* 114 S.W.3d at 755. Therefore, we abate this appeal to the trial court for entry of an amended certification of the defendant's right of appeal. *See Hargesheimer,* 126 S.W.3d at 660; *Stowe,* 124 S.W.3d at 236–37.

The trial court shall deliver the amended certification to the trial court clerk within fourteen days after the date of this Order. The trial court clerk shall: (1) prepare a supplemental clerk's record containing the amended certification of the defendant's right of appeal; and (2) file the supplemental clerk's record with the Clerk of this Court within twenty days after the date of this Order.

Chief Justice GRAY dissenting.

TOM GRAY, Chief Justice, dissenting.

I respectfully dissent from the Court's Abatement Order for the following reasons.

First, the order is not a mere abatement order. It is, rather, an order to the trial court to enter a certification of Appellant's rights of appeal to the Court's liking. We should not be in the business of ordering what the trial court should do, especially on the basis of the partial record before us.

Next, Rule 25.2(d) ultimately governs our actions. *See* Tex.R.App. P. 25.2(d). Rule 25.2(d) is the most specific rule on the matter. *See id.* That rule provides, "The appeal must be dismissed if a certification that shows the defendant has the right of appeal has not been made part of the record under these rules." *Id.* We have followed that rule in the past. *See Walker v. State,* 110 S.W.3d 509, 511 (Tex. App.-Waco 2003, no pet.). The primary case on which the Court relies notes that, like this Court, four other courts of ap-

---

1. Although the State filed a "Motion to Adjudicate" Harris's guilt alleging in part that the adjudication of his guilt had been deferred, the record plainly reflects that the trial court never deferred an adjudication of Harris's guilt. Consistent with a plea bargain, the May 2002 community supervision order assessed Harris's punishment at 10 years' imprisonment, suspended imposition of sentence, and placed him on community supervision for 10 years. The judgment now being appealed is entitled a "Judgment Revoking Community Supervision." Thus, Harris is not attempting to appeal from a "determination by the court of whether it proceeds with an adjudication of guilt," which is statutorily prohibited. *See* Tex.Code Crim. Proc. Ann. art. 42.12, § 5(b) (Vernon Supp.2004).

peals take the certification at face value. *See Stowe v. State*, 124 S.W.3d 228, 232–33 (Tex.App.-El Paso 2003, op. on mot.) (citing *Aguilar v. State*, No. 14–03–00346–CR, 2003 WL 1922509, at *1 (Tex.App.-Houston [14th Dist.] Apr. 24, 2003, no pet.) (mem.op.); *Hynson v. State*, No. 05–03–00085–CR, 2003 WL 1995143, at *1 (Tex.App.-Dallas May 1, 2003, no pet.) (not designated for publication) (mem.op.); *Harris v. State*, No. 01–03–00114–CR, 2003 WL 1849186, at *1 (Tex.App.-Houston [1st Dist.] Apr. 10, 2003, no pet.) (not designated for publication) (mem. op.); *Smith v. State*, No. 11–03–00067–CR, 2003 WL 1393983, at *1 (Tex.App.-Eastland Mar.20, 2003, no pet.) (not designated for publication)).

Moreover, if, as the Court concludes, Appellant's certification is defective, then the Court is governed by Rule 37.1.[1] *See* Tex.R.App. P. 37.1. That rule provides, "If the appellate court clerk determines that the ... certification of defendant's right of appeal in a criminal case is defective, the clerk must notify the parties of the defect so that it can be remedied if possible." *Id.* The Appellant then has thirty days after the notice to correct the defect. *Id.* Until Appellant has moved the trial court to amend its certification, no action on this Court's part is ripe. Appellant's brief does not consider the matter of our jurisdiction, and the State's brief is not yet due. If the majority is bound and determined to overrule *Walker*, it should at least wait until the issue is raised.

Lastly, I question, on the Court's holding, why we should abate at all. If the Court has already determined, on the basis of a partial record and in the face of the trial court's determination, that Appellant has the right of appeal, no purpose is served by abating for the trial court to certify the same to us.

I do not join the Court's determination to overrule *Walker* and hold that an appellant's certification of his or her rights of appeal that facially does not comply with Rule 25.2 is merely "defective." But if, as the Court concludes, Appellant's certification is defective, then we must direct "the clerk [to] notify the parties of the defect, so that it can be remedied, if possible," and, failing remedy, dismiss the appeal. See Tex.R.App. P. 25.2(d), 37.1. Because the majority does otherwise, I respectfully dissent.

---

1. I note, too, that the primary case on which the Court relies for the proposition that "a certification that the defendant has no right of appeal is 'defective' if it is contrary to the record," (op. at 233 (citing *Stowe*, 124 S.W.3d at 236), in fact holds to the contrary, *see Stowe* at 233.)