James Douglas Harris v. State
















IN THE
TENTH COURT OF APPEALS
 

No. 10-03-00258-CR

     JAMES DOUGLAS HARRIS,
                                                                              Appellant
     v.

     THE STATE OF TEXAS,
                                                                              Appellee
 

From the 77th District Court
Limestone County, Texas
Trial Court # 9718-A
                                                                                                                

DISSENTING OPINION
                                                                                                                

      I respectfully dissent from the Court’s Abatement Order for the following reasons.
      First, the order is not a mere abatement order. It is, rather, an order to the trial court to
enter a certification of Appellant’s rights of appeal to the Court’s liking. We should not be in
the business of ordering what the trial court should do, especially on the basis of the partial
record before us.
      Next, Rule 25.2(d) ultimately governs our actions. See Tex. R. App. P. 25.2(d). Rule
25.2(d) is the most specific rule on the matter. See id. That rule provides, “The appeal must
be dismissed if a certification that shows the defendant has the right of appeal has not been
made part of the record under these rules.” Id. We have followed that rule in the past. See
Walker v. State, 110 S.W.3d 509, 511 (Tex. App.—Waco 2003, no pet.). The primary case
on which the Court relies notes that, like this Court, four other courts of appeals take the
certification at face value. See Stowe v. State, 124 S.W.3d 228, 232-33 (Tex. App.—El Paso
2003, op. on mot.) (citing Aguilar v. State, No. 14-03-00346-CR, 2003 WL 1922509, at *1
(Tex. App.—Houston [14th Dist.] Apr. 24, 2003, no pet.) (mem. op.); Hynson v. State, No.
05-03-00085-CR, 2003 WL 1995143, at *1 (Tex. App.—Dallas May 1, 2003, no pet.) (not
designated for publication) (mem. op.); Harris v. State, No. 01-03-00114-CR, 2003 WL
1849186, at *1 (Tex. App.—Houston [1st Dist.] Apr. 10, 2003, no pet.) (not designated for
publication) (mem. op.); Smith v. State, No. 11-03-00067-CR, 2003 WL 1393983, at *1 (Tex.
App.—Eastland Mar. 20, 2003, no pet.) (not designated for publication)).
      Moreover, if, as the Court concludes, Appellant’s certification is defective, then the Court
is governed by Rule 37.1.


 See Tex. R. App. P. 37.1. That rule provides, “If the appellate
court clerk determines that the . . . certification of defendant’s right of appeal in a criminal
case is defective, the clerk must notify the parties of the defect so that it can be remedied if
possible.” Id. The Appellant then has thirty days after the notice to correct the defect. Id. 
Until Appellant has moved the trial court to amend its certification, no action on this Court’s
part is ripe. Appellant’s brief does not consider the matter of our jurisdiction, and the State’s
brief is not yet due. If the majority is bound and determined to overrule Walker, it should at
least wait until the issue is raised.
      Lastly, I question, on the Court’s holding, why we should abate at all. If the Court has
already determined, on the basis of a partial record and in the face of the trial court’s
determination, that Appellant has the right of appeal, no purpose is served by abating for the
trial court to certify the same to us.
      I do not join the Court’s determination to overrule Walker and hold that an appellant’s
certification of his or her rights of appeal that facially does not comply with Rule 25.2 is
merely “defective.” But if, as the Court concludes, Appellant’s certification is defective, then
we must direct “the clerk [to] notify the parties of the defect, so that it can be remedied, if
possible,” and, failing remedy, dismiss the appeal. See Tex. R. App. P. 25.2(d), 37.1. 
Because the majority does otherwise, I respectfully dissent.

TOM GRAY
Chief Justice

Dissenting opinion delivered and filed May 12, 2004
Publish
[CR25]