**Robert Earl WARRICK, Jr., Appellant**

**v.**

**The STATE of Texas, Appellee.**

**No. 10–03–00158–CR.**

Court of Appeals of Texas,
Waco.

July 28, 2004.

Allen C. Isbell, Houston, for Appellant.

Charles A. Rosenthal, Jr., Harris County District Attorney, William J. Delmore, III, Harris County Asst. District Attorney, Houston, for Appellee.

Before Chief Justice GRAY, Justice VANCE, and Justice REYNA.

## MEMORANDUM OPINION

BILL VANCE, Justice.

Appellant Robert Earl Warrick, Jr. was convicted of indecency with a child and sentenced to ten years in prison. Appellant's counsel filed an *Anders* brief. *See Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). We will affirm.

The brief thoroughly reviews the (1) indictment and statutes under which Appel-

lant was charged, (2) the waiver of a trial by jury, (3) the sufficiency of the admonishments, (4) the sufficiency of the evidence to support the conviction, and (5) the punishment assessed. In the brief, counsel states that he "has diligently reviewed the record in this case" and that he is unable to find any error which he, in good faith, can urge as warranting a reversal of the judgment. *See id.* at 744, 87 S.Ct. 1396. The State filed a waiver of its right to file a brief.

We have conducted an independent review of the record to discover whether there are arguable grounds for appeal. *See Stafford v. State,* 813 S.W.2d 503, 511 (Tex.Crim.App.1991). We determine that there are none. The indictment and motion to revoke invoked the district court's jurisdiction, and that court assessed punishment within the range of punishment for the offense based on Appellant's plea bargain.

Accordingly, we affirm the judgment. Counsel must advise Appellant of our decision and of his right to file a petition for discretionary review. *See Sowels v. State,* 45 S.W.3d 690, 694 (Tex.App.-Waco 2001, no pet.).

Chief Justice GRAY dissenting.

TOM GRAY, Chief Justice, dissenting.

In refusing to follow our precedent, the majority frustrates the purposes of the Texas Rules of Appellate Procedure. I respectfully dissent.

The extent to which the majority refuses to follow our only recently-established precedent is astounding. Virtually yesterday, a majority of the Court held that a certification of the defendant's rights of appeal that contradicted the appellate record is " 'defective' if it is contrary to the record." *See Harris v. State,* 137 S.W.3d 829, No. 10–03–00258–CR, 2004 Tex.App.

LEXIS 4366 (Tex.App.-Waco May 12, 2004, order) (per curiam) (quoting TEX. R.APP. P. 37.1); *see* TEX.R.APP. P. 25.2(d). I dissented to that order, and would not have overruled our previous precedent, by which we took the certification of the defendant's rights of appeal "at face value." *See Harris,* 137 S.W.3d at 832, 2004 Tex. App. LEXIS at *5 (Gray, C.J., dissenting); *Walker v. State,* 110 S.W.3d 509, 510 (Tex. App.-Waco 2003, no pet.). But I refuse to ignore our precedent, even the precedent with which I disagree.

Courts "follow the doctrine of stare decisis to promote judicial efficiency and consistency, encourage reliance on judicial decisions, and contribute to the integrity of the judicial process." *Carroll v. State,* 101 S.W.3d 454, 459 (Tex.Crim.App.2003) (quoting *Paulson v. State,* 28 S.W.3d 570, 571 (Tex.Crim.App.2000)). In the context of *stare decisis,* it is often "better to be consistent than right." *See Robbins v. State,* 88 S.W.3d 256, 261 (Tex.Crim.App. 2002) (quoting *Awadelkariem v. State,* 974 S.W.2d 721, 725 (Tex.Crim.App.1998)). A court may overrule a previous decision if it "was poorly reasoned or unworkable." *Carroll* at 459 (quoting *Paulson* at 571). If a court establishes a rule, as a lawyer I always thought it was the court's duty to follow that rule, or to overrule it and explain why the court was changing the rule and not following *stare decisis.* As a judge, that is the fundamental principle by which I have tried to decide cases: even if I do not like the precedent, unless there is good reason to overrule it, I have tried to follow it.

This case presents an example of the majority's result-oriented approach. The Court of Criminal Appeals has established the procedure for bringing appeals of plea-bargained cases. *See* TEX.R.APP. P. 25.2(d), (f). By that procedure, an "appeal must be dismissed if a certification that

shows the defendant has the right of appeal has not been made part of the record." *Id.* 25.2(d). The procedure also provides for several means of correcting defects in the certification. *See id.* 25.2(f). In *Walker,* this Court unanimously held, through then—Chief Justice Davis, that a certification of the defendant's rights of appeal was not defective by virtue of stating that the defendant did not have the right of appeal. *Walker,* 110 S.W.3d at 510. In *Harris,* a majority of the Court engaged in a *sua sponte* review of the correctness of that procedure, and overruled *Walker,* without any suggestion that the *Walker* rule was poorly reasoned or unworkable. *See Harris,* 137 S.W.3d at 831–32, 2004 Tex.App. LEXIS 4366, at *2–*4. The majority has now determined that if the trial court does not file a correct certification that the defendant has the right of appeal, then we must abate the cause for the entry of an amended certification. *Id.,* 137 S.W.3d at 831–32, 2004 Tex.App. LEXIS 4366, at *3–*4.

But in this case, when the same defect, a certification belied by the record, is present, the majority simply ignores its precedent and reaches the merits of the appeal. The trial court's certification states that this "is not a plea-bargain case, and the defendant has the right of appeal." Yet the record shows that this is a plea-bargain case, and thus that Appellant has no right of appeal. In Appellant's written plea of guilty, he states, "I intend to enter a plea of guilty and the prosecutor will recommend that my punishment be set at *PSI, State agrees to cap punishment at 10 years TDC"* [sic].[1] Appellant marked through the waiver of presentence investigation, and did not waive a presentence

investigation. Appellant, his attorney, the attorney for the State, and the trial judge all signed Appellant's plea. The trial judge stated on the record at Appellant's guilty plea hearing, "Even though the range of punishment is 2 to 20, [the State is] agreeing to cap this at 10 years." The court ordered a presentence investigation. After receiving the report of the presentence investigation, the court sentenced Appellant to ten years' imprisonment. In its judgment, the court recited the "terms of plea bargain":

> NO AGREED REC—PSI
>
> STATE AGREES TO CAP
> PUNISHMENT AT 10
> YEARS TDC

Yet the trial court's certification of Appellant's rights of appeal states, "this criminal case . . . is not a plea-bargain case, and the defendant has the right of appeal."

The Rules of Appellate Procedure provide:

> In a plea bargain case—that is, a case in which defendant's plea is guilty or nolo contendere and the punishment did not exceed the punishment recommended by the prosecutor and agreed to by the defendant—a defendant may appeal only:
>
> (A) those matters that were raised by written motion filed and ruled on before trial, or
>
> (B) after getting the trial court's permission to appeal.

TEX.R.APP. P. 25.2(a)(2); *see Cooper v. State,* 45 S.W.3d 77, 79–80 (Tex.Crim.App. 2001); *Shankle v. State,* 119 S.W.3d 808, 813–14 (Tex.Crim.App.2003); *Waters v. State,* 124 S.W.3d 825, 826 (Tex.App.-

---

1. *See* TEX.CODE CRIM. PROC. ANN. art. 42.12, § 9(a) (Vernon Supp.2004) (presentence investigation (PSI)); TEX. GOV'T CODE ANN. § 491.001(b)(5) (Vernon 1998) (TDC or

" 'Texas Department of Corrections' means the institutional division" of the Texas Department of Criminal Justice).

Houston [14th Dist.] 2003, no pet.). An agreement to a punishment cap constitutes a plea bargain. *Shankle* at 813; *Waters* at 826. The purpose of Rule 25.2 is to prevent meritless appeals by defendants who have received the benefit of their plea bargains. *See Shankle* at 810–13; *Cooper* at 79–80.

Here, the State agreed that the court would order a presentence investigation and that punishment would be capped at ten years' imprisonment. The trial court ordered a presentence investigation and sentenced Appellant to ten years' imprisonment. The court did not grant Appellant permission to appeal. Accordingly, Appellant does not have the right of appeal, and the trial court's certification of Appellant's rights of appeal is "in error." *See Harris*, 137 S.W.3d at 831, 2004 Tex. App. LEXIS 4366, at *4.

Interpreting the former Rule 25.2, the Court of Criminal Appeals has held that the appellant's allegations that would take an appeal outside of the limitations on plea-bargain cases "must be true and supported by the record." *Woods v. State*, 108 S.W.3d 314, 316 (Tex.Crim.App.2003) (interpreting Tex.R.App. P. 25.2(b)(3), 60 Tex. B.J. 408, 434 (Tex.Crim.App.1997) (amended 2003)). At least two courts of appeals have interpreted this requirement to apply to the current Rule 25.2. *See Barcenas v. State*, 137 S.W.3d 865, 866, No. 01–04–00069–CR, 2004 Tex.App. LEXIS 4607, at *2 (Tex.App.-Houston [1st Dist.] May 20, 2004, no pet. h.) (per curiam); *Waters*, 124 S.W.3d at 826. An attempted appellant cannot circumvent this requirement by falsely stating that he or she has the right of appeal. *See Woods* at 316; *Barcenas*, 137 S.W.3d at 866, 2004 Tex.App. LEXIS 4607, at *2; *Chabera v. State*, No. 01–03–00630–CR, 2004 WL 909243, *1, 2004 Tex.App. LEXIS 3970, at *3 (Tex.App.-Houston [1st Dist.] Apr. 29, 2004, no pet.) (not designated for publication) (mem.op.) (per curiam); *Waters* at 826–27.

At least two courts have thus held that "[w]hen the trial court's certification states that there is a right to appeal and the record is clear that the appellant has no such right," the appellate court should dismiss the attempted appeal. *Barcenas*, 137 S.W.3d at 866, 2004 Tex.App. LEXIS 4607, at *3–*4; accord *Chabera*, 2004 WL 909243 at *1, 2004 Tex.App. LEXIS 3970, at *3; *Waters*, 124 S.W.3d at 826–27; see 43A George E. Dix & Robert O. Dawson, Texas Practice: Criminal Practice and Procedure § 43.287, at 111 (2d ed. Supp. 2003). This would be true even when counsel files an Anders brief. *Chabera* at *1, *1–*3; see *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). The appellate rules would not require that the appellate court attempt to obtain an amended certification from the trial court. *Barcenas*, 137 S.W.3d at 865–66, 2004 Tex.App. LEXIS 4607, at *3–*4. Were we writing on a clean slate, I would adopt this interpretation. As it is, in accordance with our precedent, we must abate for the entry of an amended certification. See *Harris*, 137 S.W.3d at 829, 2004 Tex.App. LEXIS 4366, at *4.

In accordance with our precedent, Appellant's certification is defective, and we should abate the appeal for an amended certification. In the alternative, we should dismiss the attempted appeal without abating it. Because the majority does neither, I respectfully dissent.