NO. 07-04-0242-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

AUGUST 19, 2004

_____

JACOB MORGAN MCCALLISTER, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE COUNTY COURT OF HALE COUNTY;

NO. 2003C-569; HONORABLE BILL HOLLARS, JUDGE

_____

Before QUINN and REAVIS and CAMPBELL, JJ.

**ON ABATEMENT AND REMAND**

Jacob Morgan McCallister appeals his conviction for possession of marijuana.

The trial court determined that appellant was indigent and at his request appointed counsel to represent him. McCallister waived his right to a jury, pleaded nolo contendere to the charge, and was sentenced by the trial court. His counsel filed a timely notice of

appeal, then filed a motion to withdraw with the trial court and requested appellate counsel be appointed.[1]

The trial court found that appellant continued to be indigent and qualified for an appointed attorney to represent him on appeal. Although the court initially denied his counsel's motion to withdraw, on May 17, 2004, the court changed its ruling and granted counsel's motion to withdraw, but did not appoint another attorney to represent McCallister on appeal.

The certification required by Texas Rule of Appellate Procedure 25.2(a)(2) and (d) states this is a plea-bargain case and appellant has no right to appeal, except as to matters raised by motion filed and ruled on prior to trial. Tex. Crim. Proc. Code Ann. art. 44.02 (Vernon 1979); Tex. R. App. P. 25.2(a)(2)(A). The record, however, does not indicate there was a plea bargain between appellant and the State. We also note that the record contains a pretrial motion to suppress filed by appellant and an order signed before trial, denying the motion.

For these reasons, we abate the appeal and remand the cause to the trial court with directions to enter an amended certification that is consistent with the record. Tex. R. App. P. 25.2(f), 34.5(c)(2) and 37.1; *See Harris v. State*, 137 S.W.3d 829 (Tex.App.–Waco 2004, no pet.); *Hargesheimer v. State*, 126 S.W.3d 658, 659 (Tex.App.–Amarillo 2004, pet. ref'd).

---

[1]The motion to withdraw, filed by appellant's trial counsel, indicates the trial court's local rules require the appointment of a different attorney to prosecute an appeal.

We also direct the trial court to immediately cause notice of a hearing to be given and, thereafter, conduct a hearing to determine the following:

1.  whether appellant desires to prosecute the appeal; and

2.  whether appellant is indigent and entitled to appointed counsel.

The trial court shall issue findings of fact and conclusions of law, addressing the aforementioned subjects. Should the trial court determine that appellant desires to pursue this appeal and is indigent, then we further direct the court to appoint counsel to assist in prosecuting the appeal, including in the record the name, address, telephone number, and state bar number of the new counsel who will represent appellant. The trial court shall cause to be developed a supplemental clerk's record containing the findings of fact and conclusions of law, the amended certification and order appointing counsel, if any. The supplemental clerk's record must be filed with the clerk of this court on or before September 17, 2004. Should the trial court need additional time to comply with this order, it must request additional time before September 17, 2004.

Per Curiam

Do not publish.