COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



| | | |
|---|---|---|
| HECTOR GOMEZ, | § | No. 08-14-00006-CR |
| Appellant, | § | |
| | § | Appeal from the |
| v. | § | |
| | § | 34th District Court |
| THE STATE OF TEXAS, | § | |
| | § | of El Paso County, Texas |
| Appellee. | § | |
| | § | (TC# 20130D02254) |
| | § | |

**O P I N I O N**

Pursuant to a plea-bargain agreement with the State, Appellant Hector Gomez entered a plea of guilty to the offense of dating-violence assault and now seeks to appeal his conviction. Appellant raises four issues on appeal concerning the voluntariness and the sufficiency of the evidence supporting his guilty plea, as well as the trial court's admonishments on the range of punishment. For the following reasons, we do not address the merits of Appellant's arguments and dismiss the appeal.

**BACKGROUND**

Appellant was charged by indictment with the offense of dating-violence assault. *See* TEX. PENAL CODE ANN. § 22.01(b)(2)(A) (West Supp. 2015); TEX. FAM. CODE ANN. § 71.0021

(West Supp. 2015).   The indictment also alleged previous convictions for family-violence assault and for indecency with a child, which if proven would have raised Appellant's possible punishment from one year in jail up to twenty years' imprisonment.[1]

Appellant and the State subsequently entered into a written plea-bargain agreement wherein Appellant agreed to plead guilty in exchange for the State's recommendation that the trial court sentence Appellant to five years' confinement with no period of community supervision. Appellant signed the section of the plea papers designated "Waiver of Rights, Plea and Acknowledgment by the Defendant," which recited that Appellant had been informed of his right to pursue a motion for new trial and appeal, and that after consulting with his attorney, Appellant was voluntarily, knowingly, and intelligently waiving his right to pursue a motion for new trial or appeal.   Appellant further agreed that any motion for new trial or appeal he pursued would not be effective without the express written consent of the State's prosecuting attorney.   In the plea agreement, Appellant acknowledged he had read the waiver language and understood its contents, and that he had signed the page for that stated purpose.   The written plea agreement contains the trial court's findings that Appellant understood the consequences of waiving his right to request permission to appeal, and that he had voluntarily, knowingly, and intelligently waived that right.

During the plea proceedings, Appellant verbally acknowledged to the trial court his understanding that if the court followed the plea agreement, he could not appeal the case without the trial court's consent.   Appellant affirmatively informed the trial court that he had read,

---

[1] The prior family-violence assault conviction would raise the charged offense of dating-violence assault from a Class A misdemeanor, which may be punished by confinement in jail for a term not to exceed one year and a fine not to exceed $4,000, to a third-degree felony, whose punishment range is imprisonment for not less than two years nor more than 10 years and a fine not to exceed $10,000.   TEX. PENAL CODE ANN. §§ 12.21, 12.34 (West 2011), § 22.01(b)(2)(A) (West Supp. 2015).   The indecency with a child conviction would raise the offense to a second-degree felony, whose punishment range is imprisonment for a term of not less than two years nor more than 20 years, and a fine not to exceed $10,000.   TEX. PENAL CODE ANN. § 12.33 (West 2011), § 12.42(a) (West Supp. 2015).

2

understood, and signed the plea papers, and that defense counsel had explained the meaning of the documents to him and he understood what defense counsel had told him. Appellant informed the trial court that he had no questions about the meaning of the plea papers, and that he understood that he was giving up valuable rights. Appellant pleaded guilty, and in response to the trial court's inquiries, acknowledged that he was doing so without force, coercion, promise, or persuasion. No objection was made to the State's recitation of the evidence, and the trial court found Appellant competent to enter his plea and found the evidence sufficient to find Appellant guilty. After formally accepting Appellant's guilty plea, the trial court followed the State's recommended sentence, and sentenced Appellant to five years' imprisonment. Shortly after entering judgment, the trial court signed its certification of appeal. In its certification, the trial court did not indicate that this was a plea-bargain case in which the defendant had the right to appeal and the court had given permission to appeal; rather, the court specifically noted that "the defendant has waived the right of appeal." Appellant filed a motion for new trial stating that he "believes he was forced to plead guilty," which the trial court allowed to be overruled by operation of law. This appeal followed.

## DISCUSSION

The State maintains this appeal should be dismissed for want of jurisdiction because Appellant waived his right to appeal as part of a valid plea agreement with the State and under the terms of the agreement failed to first obtain the consent of the State to appeal. We agree.

A plea bargain is a contract between the State and the defendant, and once such an agreement is finalized and accepted by the trial court, both the State and the defendant are entitled to the benefits of that bargain. *See Ex parte DeLeon*, 400 S.W.3d 83, 89 (Tex.Crim.App. 2013).

3

In such a plea-bargained case, the defendant may appeal only: (1) those matters raised by written motion and ruled on before trial; or (2) after getting the trial court's permission to appeal. *See* TEX. CODE CRIM. PROC. ANN. art. 44.02 (West 2006); TEX.R.APP.P. 25.2(a)(2); *see also Ex parte DeLeon*, 400 S.W.3d at 89. Appellant is not attempting to appeal any matter raised by a written motion and ruled on before trial. Therefore, he may appeal only if he properly and timely obtained the trial court's permission. *See* TEX.R.APP.P. 25.2(a)(2); *see also Cooper v. State*, 45 S.W.3d 77, 77-83 (Tex.Crim.App. 2001).

In determining the validity of a defendant's waiver of his right to appeal pursuant to a plea-bargain agreement, we examine the formal record and written agreement to determine its terms. *Jones v. State*, __S.W.3d__, 2016 WL 1359196, at *3 (Tex.Crim.App. April 6, 2016). To determine the intended content of a plea agreement, we apply general contract-law principles. *Id.* A valid waiver of appeal is one that was made voluntarily, knowingly, and intelligently. *Id.* The documents in the record are adequate to show that an appellant's waiver of his right to appeal is valid and binding when they show that the State gave consideration for appellant's waiver of his right to appeal, and in exchange the appellant agreed to plead guilty and waive his right to appeal, and the trial court accepted the plea and entered judgment consistent with the agreement. *Id.* at *4.

The record demonstrates that Appellant, as part of his plea bargain with the State, agreed to forego his right of appeal in exchange for the agreed-upon punishment and that the trial court imposed the punishment recommended by the State. The record also demonstrates that at the time of the plea, Appellant specifically acknowledged that he was waiving his right to appeal and that any appeal he pursued would not be effective without the express written consent of the

4

State's prosecuting attorney. Appellant did not obtain the consent of the State to appeal, nor did Appellant obtain the trial court's permission to appeal. The trial court's certification of the right to appeal, signed by Appellant, his counsel, and the trial court, specifically noted that Gomez had waived his right to appeal.

The record here is adequate to show that appellant's waiver of his right to appeal was a part of his plea agreement and that he received consideration for it. Because the trial court accepted the plea-bargain agreement and entered punishment consistent with the State's recommendation, the waiver of the right of appeal is binding on Appellant. *Jones*, 2016 WL 1359196, at \*4; *see Ex parte De Leon*, 400 S.W.3d at 89 (once State and defendant reach plea agreement which is accepted by trial court, parties are entitled to benefit of their bargain); *see also Blanco v. State*, 18 S.W.3d 218, 219-20 (Tex.Crim.App. 2000) (affirming appellate court's dismissal of appeal and finding no valid or compelling reason why appellant should not be held to his bargain with the State where appellant was fully aware of the consequences of bargain when he waived his right to appeal and it was not unfair for appellant to live with consequences).

Based on this bargained-for waiver of his right to appeal and failure to obtain the trial court's permission to appeal or the State's consent, Appellant has failed to properly invoke this Court's jurisdiction. *See Marsh v. State*, 444 S.W.3d 654, 660 (Tex.Crim.App. 2014) (holding that where record showed that defendant validly waived his right to appeal as part of plea bargain, court of appeals never acquired jurisdiction and purported appeal must be dismissed).

Our inquiry does not stop here, however, because more than six months after the trial court entered judgment on the plea agreement and certified that Appellant had waived his right of appeal, the trial court, sua sponte and without the State's consent, entered an order stating that it

5

"hereby gives his permission to appeal in the above styled case." We must determine whether the trial court's original certification was defective, thereby allowing it to be effectively amended six months later.[2]

The Rules of Appellate Procedure require that a trial court enter a certification of the defendant's right of appeal each time it enters a judgment of guilt or other appealable order. *See* TEX.R.APP.P. 25.2(a)(2); *see Jones*, 2016 WL 1359196, at *3. As a general rule, once the record has been filed in the appellate court, all further proceedings in the trial court must be suspended until the appellate court issues its mandate. *See* TEX.R.APP.P. 25.2(g); *Kelly v. State*, 436 S.W.3d 313, 319 n.21 (Tex.Crim.App. 2014). The Rules further provide, however, that an amended certification of a defendant's right to appeal "correcting a defect or omission in an earlier filed . . . certification" may be filed at any time without leave before the appealing party's brief is filed. TEX.R.APP.P. 25.2(f). The trial court's order effectively amending the certification was filed in this appeal before Appellant filed his brief. Consequently, the issue here is whether that order was an amendment "correcting a defect or omission" in the trial court's original certification, thereby allowing it to be filed under Rule 25.2(f).

In this regard, we consider the amendment exception embodied in Rule 25.2(f) to be similar to the rule authorizing courts to enter *nunc pro tunc* judgments and orders, the purpose of which is to provide trial courts a method to correct the record when its judgment or order as entered does not accurately reflect the judgment or order actually rendered. *See Blanton v. State*, 369 S.W.3d 894, 897-98 (Tex.Crim.App. 2012). Likewise, we believe Rule 25.2(f) allows an amendment to the original certification only to the extent the original certification was inaccurate

---

[2] The State may complain about an inaccurately amended certification for the first time on appeal. *Marsh*, 444 S.W.3d at 659, 660.

when compared with the record at the time the original certification was entered.

This appears to be the approach taken by the Court of Criminal Appeals in *Jones*. The Court instructed in *Jones* that we are obligated "to review the record to determine if the certification is contrary to the record and therefore defective." *Jones*, 2016 WL 1359196, at \*3. A certification is defective only if it is "correct in form but . . . when compared with the record before the court, proves to be inaccurate." *Id.* Thus, only a certification that is "contrary to the record before the appellate court is defective." *Id.* (*quoting Dears v. State*, 154 S.W.3d 610, 615 (Tex.Crim.App. 2005)). The trial court's original certification of appeal was not defective under this standard. *See Carbajal v. State*, Nos. 11-14-00039-CR and 11-14-00040-CR, 2014 WL 972343, at \*1 (Tex.App. – Eastland Mar. 6, 2014, no pet.) (mem. op., not designated for publication) (a trial court's certification of defendant's right to appeal reciting that the defendant has no right to appeal because he waived such right is not defective if supported by the record).

The trial court's original certification appears to conform to the record. The record shows that as part of his plea agreement with the State, Appellant not only expressly waived his right to appeal, but he agreed that any appeal he pursued would not be effective without the express written consent of the State. The trial court accepted the plea agreement, which included Appellant's bargained-for waiver of appeal, and it properly entered its original certification of appeal explicitly noting Appellant had waived his right to appeal. The record clearly shows that Appellant in fact did waive his right to appeal. Thus, there is nothing defective about, or omitted from, the trial court's original certification. Because the trial court's order did not correct a defect in the original certification, any amendment to the certification was not permitted to be filed under the terms of Rule 25.2(f). *See Harris v. State*, 137 S.W.3d 829, 831 (Tex.App.–Waco 2004, no pet.) (citing

Rule 25.2(g) and holding: "Because the clerk's record and the reporter's record have been filed, the trial court no longer has authority to [amend the certification] absent an abatement order."). The untimely amendment by the trial court was thus a nullity, and the only proper certification in the record is the original certification that Appellant has waived his right to appeal.

Because Appellant validly waived his right to appeal, and because the original certification conforms to the record and accurately reflects that Appellant waived his right to appeal, we never acquired jurisdiction over this appeal. *Marsh*, 444 S.W.3d at 660. Therefore, we dismiss the appeal for want of jurisdiction.

**CONCLUSION**

The appeal is dismissed for want of jurisdiction. TEX.R.APP.P. 43.2(f).

STEVEN L. HUGHES, Justice

May 31, 2016

Before McClure, C.J., Rodriguez, and Hughes, JJ.

(Do Not Publish)

8