Donnie Brambridge STOWE, Appellant,

v.

The STATE of Texas, Appellee.

No. 08–03–00282–CR.

Court of Appeals of Texas,
El Paso.

Oct. 2, 2003.

---

12. *See* TEX. R. APP. P. 47.5.

Matthew DeKoatz, El Paso, for appellant.

Jaime E. Esparza, Dist. Atty., El Paso, for state.

Before Panel No. 2, BARAJAS, C.J., ANN CRAWFORD McCLURE, and CHEW, JJ.

### OPINION ON MOTION

ANN CRAWFORD McCLURE, Justice.

Pending before the Court is the motion of Appellant, Donnie Brambridge Stowe, to compel production of the reporter's record from his original guilty plea and adjudication hearing. Additionally, the cause is before the Court on our own motion for

determination: (1) whether we are authorized to consider the accuracy of the trial court's certification that Appellant does not have a right to appeal; and (2) and whether the appeal should be dismissed. We find that Appellant has no right to appeal the original order placing him on deferred adjudication community supervision, but he does have a limited right to appeal matters related to sentencing following adjudication. Accordingly, he is entitled to the reporter's record.

## FACTUAL SUMMARY

On July 2, 2002, Appellant entered a negotiated plea of guilty to violation of a protective order. In accordance with the plea bargain, the trial court deferred adjudicating Appellant's guilt and placed him on community supervision for a term of six years. Other counts were dismissed and Appellant waived his right to appeal as part of the plea bargain. The State filed a motion to adjudicate guilt on February 10, 2003. Following a contested hearing, the trial court found that Appellant had again violated the protective order, failed to participate in community service projects, failed to pay certain fees, and failed to participate in family violence counseling. The court then entered an adjudication of guilt and assessed punishment at imprisonment for a term of six years.

Appellant, acting *pro se*, filed a general notice of appeal indicating that he intended to appeal his conviction and sentence. His notice of appeal did not include the trial court's certification of his right to appeal. Trial counsel subsequently filed a motion to withdraw. Before ruling on the motion to withdraw, we ordered the trial court to conduct a hearing to determine whether Appellant had retained counsel or was entitled to court-appointed counsel. The trial court conducted the hearing on July 3, 2003 and appointed Matthew De-koatz to represent Appellant for purposes of the hearing. The court observed that Appellant could not appeal the original guilty plea or the decision to adjudicate but appointed Mr. Dekoatz to represent Appellant on appeal. The court further ruled that because Appellant had waived his right to appeal, he was not entitled to the reporter's record from either the guilty plea or the adjudication hearing. In written findings of fact and conclusions of law, the trial court stated that Appellant's attempt to appeal was in contravention of his previous waiver of the right to appeal. The court subsequently certified that this is a plea-bargain case and Appellant has no right of appeal. The Clerk's Office requested that Appellant file a response to the certification but Appellant instead filed a "Motion to Compel Record" in which he alleges that he has a right to obtain the reporter's record from the original guilty plea and adjudication proceeding. He argues that he is unable to determine whether he has a right to appeal without reviewing the reporter's record from these proceedings, and therefore, he will be denied the effective assistance of counsel on appeal. The State, citing TEX. R.APP.P. 25.2(d), has filed a response urging that the appeal be dismissed because a certification showing that Appellant has the right to appeal has not been made part of the record.

## THE TRIAL COURT'S CERTIFICATION

■ Rule 25.2(a)(2) governs the defendant's right to appeal in a criminal case:

A defendant in a criminal case has the right of appeal under Code of Criminal Procedure article 44.02 and these rules. The trial court shall enter a certification of the defendant's right of appeal in every case in which it enters a judgment of guilt or other appealable order. In a plea bargain case—that is, a case in

which defendant's plea is guilty or nolo contendere and the punishment did not exceed the punishment recommended by the prosecutor and agreed to by the defendant—a defendant may appeal only:

    (A) those matters that were raised by written motion filed and ruled on before trial, or

    (B) after getting the trial court's permission to appeal.

TEX.R.APP.P. 25.2(a)(2).

The certification must be included in the record when the notice of appeal is filed but may be added by timely amendment or supplementation under Rules of Appellate Procedure 25.2(f), 34.5(c)(1), 37.1, or by order of the appellate court under Rule 34.5(c)(2). TEX.R.APP.P. 25.2(d), 25.2(f), 34.5(c)(1), 37.1. The appeal must be dismissed "if a certification that shows the defendant has the right of appeal has not been made part of the record under these rules." TEX.R.APP.P. 25.2(d).

We have adopted a procedure of notifying an appellant when we receive a copy of the notice of appeal[1] and accompanying certification showing that the defendant has no right of appeal. The Clerk's Office informs the appellant that the appeal will be dismissed based on the certification but invites the appellant to file a response within a specified period of time. In some cases, the appellant's attorney has conceded that the appellant has no right of appeal and has concurred in the dismissal. See e.g., Hidler v. State, No. 08–03–00149–CR, 2003 WL 21765329 (Tex.App.-El Paso July 31, 2003, no pet.h.)(not designated for publication); Salazar v. State, No. 08–03–00213–CR, 2003 WL 21765078 (Tex.App.-El Paso July 31, 2003, no pet. h.)(not designated for publication).

At least four appellate courts follow a similar procedure and allow the appellant an opportunity to respond before the appeal is dismissed. See Daniels v. State, 110 S.W.3d 174 (Tex.App.-San Antonio 2003, no pet.); Smith v. State, No. 12–03–00079–CR, 2003 WL 1883467, at *1 (Tex. App.-Tyler Apr.16, 2003, no pet.)(not designated for publication); Teel v. State, 104 S.W.3d 266, 267 (Tex.App.-Beaumont, 2003, no pet.); Hasty v. State, No. 02–03–021–CR, 2003 WL 1784664, at *1 (Tex. App.-Fort Worth Apr.3, 2003, no pet.)(not designated for publication). The San Antonio and Beaumont Courts of Appeals find the certification defective within the meaning of Rule 37.1 and rely on that rule as authority for allowing the appellant an opportunity to be heard and correct an error or defect in the certification. See Daniels, 110 S.W.3d at 177; Teel, 104 S.W.3d at 267. In Hasty, the Fort Worth Court of Appeals sought a response from the appellant before dismissing the appeal. The court relied on Rule 44.3[2] which prohibits a court of appeals from dismissing an appeal for defects or irregularities in appellate procedure without allowing a reasonable time to correct or amend the defects or irregularities. See Hasty, 2003 WL 1784664, at *1.

Other intermediate appellate courts, however, take the certification at face value and dismiss the appeal ostensibly without any notice or inquiry. See Walker v. State, 110 S.W.3d 509, 510 (Tex.App.-Waco 2003, no pet.); Aguilar v. State, No. 14–03–00346–CR, 2003 WL 1922509, at *1 (Tex.App.-Houston [14th Dist.] Apr. 24, 2003, no pet.)(not designated for publication); Hynson v. State, No. 05–03–00085–CR, 2003 WL 1995143, at *1 (Tex.App.-

---

**1.** TEX.R.APP.P. 25.2(e)(requiring trial court clerk to send copy of notice of appeal and certification to the court of appeals).

**2.** TEX.R.APP.P. 44.3.

Dallas May 1, 2003, no pet.)(not designated for publication); *Harris v. State*, No. 01–03–00114–CR, 2003 WL 1849186, at \*1 (Tex.App.-Houston [1st Dist.] Apr. 10, 2003, no pet.)(not designated for publication); *Smith v. State*, No. 11–03–00067–CR, 2003 WL 1393983, at \*1 (Tex.App.-Eastland Mar.20, 2003, no pet. h.)(not designated for publication).[3] The Waco Court of Appeals observed in *Walker* that a certification stating that the defendant has no right of appeal is not defective or irregular within the meaning of Rule 37.1 or Rule 44.3, but is instead facially valid because it is in the form provided by the Court of Criminal Appeals. *See Walker*, 110 S.W.3d at 511. The court then determined that these rules do not provide the appellate court with authority to inquire into the validity of the certification nor do they provide the appellant with an opportunity to cure a defect in the certification. *See Walker*, 110 S.W.3d at 511. Under this view, the appellate court is essentially powerless to inquire into or even consider the accuracy of the certification so long as it is in the prescribed form. We decline to adopt such an overly restrictive view of our authority.

▆▆▆ First, we are unaware of any rule which would prohibit an appellate court from inquiring into the accuracy or validity of any document filed with the court particularly when the document will require dismissal of an appeal. Second, a certification may appear facially valid yet be factually or legally incorrect. In apparent recognition of this possibility, Rule 25.2(f) allows an appellant to correct a defect or omission in an earlier filed certification in accordance with Rule 37.1. Rule 44.3 prohibits an appellate court from

dismissing an appeal for a procedural defect without giving the appellant an opportunity to correct the defect. Given the duties imposed on an appellate court by these rules, a court certainly has implied authority to inquire into the validity or accuracy of a certification before dismissing the appeal. *See Eichelberger v. Eichelberger*, 582 S.W.2d 395, 398–99 (Tex. 1979)(a court's implied powers are those powers which can and ought to be implied from an express grant of power). Finally, an argument can be made that dismissal of an appeal pursuant to Rule 25.2(d) constitutes dismissal due to a formal defect in appellate procedure, so that Rule 44.3 of the Rules of Appellate Procedure would apply. In order for a criminal defendant to maintain an appeal, the trial court must certify in writing that the defendant has a right to appeal. The absence of such a certification requires dismissal of the appeal. So it is not the certification stating that the defendant does not have a right of appeal which is defective, but rather the appellant's attempt to appeal in the absence of a certification from the trial court that he has a right of appeal. Accordingly, we conclude that a court of appeals is authorized, if not required, to notify the appellant of the court's intent to dismiss the appeal unless the defect is corrected within a reasonable period of time.

## THE RIGHT TO APPEAL

There are several rules and legal concepts which limit or even eliminate Appellant's ability to appeal matters related to the original guilty plea, the adjudication hearing, and sentencing.

### *Original Guilty Plea*

▆▆▆ As a general rule, a defendant placed on deferred adjudication community

---

**3.** Of these courts, only the Waco Court of Appeals has affirmatively stated that no notice should be given to the appellant of the appellate court's intent to dismiss. The other courts dismiss the appeal without stating whether or not they had made any inquiry of the appellant or given notice of intent to dismiss the appeal based on the certification.

supervision may raise issues related to the original plea proceeding only in appeals taken when deferred adjudication community supervision is first imposed. *See Manuel v. State*, 994 S.W.2d 658, 661–62 (Tex.Crim.App.1999). There are only two exceptions to this rule, the "void judgment" exception and the "habeas corpus exception." *See Nix v. State*, 65 S.W.3d 664, 667 (Tex.Crim.App.2001). The void judgment exception recognizes that there are some rare situations in which a trial court's judgment is accorded no respect due to a complete lack of power to render the judgment in question. *Id.* If the original judgment imposing probation is void, then the trial court would have no authority to revoke probation. *Nix*, 65 S.W.3d at 668. Appellant is unable to avail himself of the void judgment exception. First, the clerk's record reflects that the charging instrument satisfies the constitutional requisites of an indictment. Second, the 243rd District Court had subject matter jurisdiction of the case. Third, Appellant entered a guilty plea and therefore cannot allege that there is no evidence to support his conviction. *See Nix*, 65 S.W.3d at 668 n. 14. Finally, the clerk's record reflects that Appellant was represented by counsel at his original guilty plea.

■■■■ The habeas corpus exception essentially involves the litigation of a writ of habeas corpus at the probation revocation or adjudication proceeding. *Nix*, 65 S.W.3d at 669. To invoke the habeas corpus exception on appeal, the defendant must show: (a) that the claim is cognizable on a writ of habeas corpus and (b) that the defendant attempted to litigate the claim at the revocation proceeding. *Id.* at 670. Even though the probationer can raise his claims in the context of the revocation proceeding, he still must file a petition for writ of habeas corpus in the trial court. *Id.* The clerk's record does not contain a petition for writ of habeas corpus nor a ruling by the trial court on such a petition. Further, the district clerk has informed us that the record below does not contain such a petition or ruling by the trial court. Therefore, this exception does not apply.

■■■■ Appellant's ability to appeal the original guilty plea is limited for yet another reason. The clerk's record reflects that Appellant entered a negotiated guilty plea and the punishment assessed did not exceed the recommended punishment. Thus, an appeal from the original guilty plea would have been restricted by the rule that the defendant may appeal only those matters raised by written motion and ruled on before trial, or after getting the trial court's permission to appeal. Tex.R.App.P. 25.2(a)(2).[4] Here, Appellant waived his right to appeal as part of the plea bargain. It is well established that a defendant in a noncapital case may waive any right secured him by law, including his right to appeal. *Blanco v. State*, 18 S.W.3d 218, 219 (Tex.Crim.App. 2000); Tex.Code Crim.Proc.Ann. art. 1.14(a)(Vernon Supp.2003). A knowing and intelligent waiver is binding on the defendant and prevents him from appealing a waived issue without the consent of the court. *See Monreal v. State*, 99 S.W.3d 615, 622 (Tex.Crim.App.2003); *Blanco*, 18 S.W.3d at 219–20. Although Appellant filed certain pretrial motions, he waived his right to appeal them and the trial court has not given Appellant permission to appeal any other issues. Therefore, the trial court correctly concluded

---

4. It is irrelevant that the parties did not enter into a plea bargain in connection with the adjudication proceeding. *See Vidaurri v. State*, 49 S.W.3d 880, 883 (Tex.Crim.App.2001)(holding that it is the defendant's initial plea of guilty or *nolo contendere* to the charged offense which warrants application of former Rule 25.2(b)(3)).

that Appellant does not have a right to appeal any matters related to the original guilty plea.

*Decision to Adjudicate and Sentencing*

■ Appellant is not permitted to appeal any matters related to the trial court's determination to proceed with an adjudication of guilt. TEX.CODE CRIM.PROC.ANN. art. 42.12, § 5(b)(Vernon Supp.2003). Rule 25.2(a)(2) and Article 42.12, section 5(b) would not prevent Appellant from raising issues which challenge the process by which he was sentenced following adjudication of guilt because such issues are unrelated to the conviction or the decision to adjudicate. *See Kirtley v. State*, 56 S.W.3d 48, 51–52 (Tex.Crim.App.2001); *Vidaurri*, 49 S.W.3d at 885. The only question remaining is whether Appellant's waiver of his right to appeal prevents him from raising issues related to the sentencing process.

■ It has long been the law that post-sentencing waivers of the right to appeal are binding on a defendant. *See e.g., Ex parte Tabor*, 565 S.W.2d 945, 946 (Tex. Crim.App.1978); *Ex parte Dickey*, 543 S.W.2d 99, 104 (Tex.Crim.App.1976). Until recently, it was equally well-established that a pretrial waiver of appeal was involuntary, and therefore, not binding on a defendant. *See Ex parte Townsend*, 538 S.W.2d 419, 420 (Tex.Crim.App.1976). Likewise, waivers of appeal made after conviction but before punishment or sentencing were not permitted. *See Ex parte Thomas*, 545 S.W.2d 469, 470 (Tex.Crim. App.1977). The rule precluding pretrial and pre-sentencing waiver of appeal was based on three principles: (1) the defen-

dant's right of appeal had not yet matured; (2) the defendant did not know what punishment would be assessed;[5] and (3) the defendant could not anticipate errors that might occur at trial. *Buck v. State*, 45 S.W.3d 275, 277 (Tex.App.-Houston [1st Dist.] 2001, no pet.); *Bushnell v. State*, 975 S.W.2d 641, 643 (Tex.App.-Houston [14th Dist.] 1998, pet. ref'd); *see Dickey*, 543 S.W.2d at 101.

Due to changes in the law since *Townsend* and *Thomas* were decided, the Court of Criminal Appeals has upheld a waiver of appeal made after conviction but before sentencing. *Blanco*, 18 S.W.3d at 219–20. There, a jury convicted the defendant of burglary. Prior to sentencing, the State and Blanco reached an agreement where the State promised to recommend a sixteen-year sentence in exchange for Blanco's agreement to waive his right of appeal. *Blanco*, 18 S.W.3d at 219. The trial court assessed punishment in accordance with the recommendation but Blanco still filed a notice of appeal. *Id.* at 219. The Court of Criminal Appeals upheld the waiver because the concerns expressed in *Thomas* and *Townsend* are less compelling in cases where the trial court follows the State's sentencing recommendation. *Id.* at 219–20. Blanco knew what his punishment would be if the court followed the agreement, and at the time he waived his right of appeal he knew what errors had occurred during trial. *Id.* at 219. Because Blanco was fully of aware of the likely consequences when he waived his right to appeal, it was not unfair to require him to live with the consequences. *Id.* at 219–20.

In *Buck v. State*, the First Court of Appeals upheld a waiver of appeal made in

---

5. At the time *Townsend* was decided, there was no statutory mechanism permitting a negotiated plea. *Bushnell v. State*, 975 S.W.2d 641, 643 (Tex.App.-Houston [14th Dist.] 1998, pet. ref'd). Therefore, the defendant could

not be certain what punishment would be assessed. *Id.* Further, the defendant could not withdraw his plea if the court failed to follow the prosecutor's recommendation. *Id.*

connection with a negotiated guilty plea and prior to sentencing. *Buck,* 45 S.W.3d at 277. The defendant initially entered a plea of not guilty before a jury but changed his plea after reaching an agreement with the State. *Id.* at 276–77. The plea papers contained a waiver of the right to appeal signed by the defendant. The trial court sentenced him in accordance with the plea agreement but Appellant later filed a *pro se* notice of appeal. *Id.* at 277. Applying the reasoning of *Blanco* to this negotiated guilty plea, the court of appeals found the waiver of appeal voluntary and valid. In reaching this decision, the court explained that the first two concerns expressed in *Townsend*—that the right of appeal had not matured and that the defendant did not know what punishment would be assessed—are no longer viable even pretrial because of statutory and rule amendments. *Buck,* 45 S.W.3d at 277. A notice of appeal filed prematurely is effective pursuant to TEX.R.APP.P. 27.1(b). Under Article 26.13 of the Code of Criminal Procedure, the trial court is required to inform the defendant before accepting the plea whether the plea bargain will be followed and the defendant has the right to withdraw his plea if the court does not follow the plea bargain. TEX. CODE CRIM.PROC.ANN. art. 26.13(a)(2)(Vernon Supp.2003). The court further held that the third reason stated in *Townsend*—that a pretrial waiver of the right of appeal is invalid because a defendant cannot anticipate errors that might occur during trial—is likewise no longer viable. *Buck,* 45 S.W.3d at 277. In the context of a negotiated guilty plea, the plea hearing constitutes the defendant's trial and all that remains is for the trial court to assess punishment in accordance with the plea agreement or advise the defendant that the plea bargain would not be followed. *Id.* Consequently, the court of appeals found that the defendant's pretrial waiver

of the right to appeal was valid and dismissed the appeal.

We agree with the First Court of Appeals that a waiver of the right to appeal made under the circumstances presented in that case is valid. The reasoning stated in *Buck* would apply equally to a negotiated guilty plea where the finding of guilt is deferred and the defendant placed on community supervision. Whether the waiver of appeal is also valid with respect to errors occurring in the sentencing hearing after adjudication of guilt is another matter. At the time he waived his right to appeal, Appellant certainly knew that if he violated the terms and conditions of probation he could be adjudicated guilty and his punishment assessed somewhere in the range of punishment for his offense. However, he had no way of anticipating those errors which might occur during this future sentencing proceeding or whether he would have a reason to appeal from that hearing. Consequently, Appellant's waiver of the right to appeal is not voluntary or knowing insofar as it applies to the sentencing proceeding. *See Ex parte Townsend,* 538 S.W.2d at 420.

Our review of the reporter's record from the compliance hearing reflects that the trial court made every effort to decide this complex issue correctly. The court accurately determined that Appellant had no right to appeal matters related to the original guilty plea or adjudication hearing. Appellant does, however, have a right to appeal errors arising out of the sentencing proceeding. Accordingly, the certification is defective. The trial court is directed to file an amended certification with the Clerk of this court showing that Appellant has a limited right of appeal in accordance with this opinion. *See* TEX.R.APP.P. 25.2(f), 37.1. Given Appellant's limited ability to appeal, he is entitled to the reporter's record. Therefore, Appellant's motion to

compel the record is granted. Although Appellant does not have a right to appeal any issues arising at the original guilty plea or adjudication hearing, the court reporter is directed to prepare the record of the guilty plea, adjudication hearing, and sentencing so that any alleged errors can be considered in light of the entire record. It is further ordered that the appeal be abated until the reporter's record is filed with this Court.