Criminal Case Template







COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



EUGENIO L. RODRIGUEZ,

                            Appellant,

v.

THE STATE OF TEXAS,

                            Appellee.

§

§

§

§

§

No. 08-04-00178-CR

Appeal from the

109th District Court

of Andrews County, Texas

(TC#1532-E)




O P I N I O N
           In this case, we must decide whether a person who was convicted of murder
pursuant to a plea agreement has the right to appeal the trial court’s denial of his post-conviction motion for DNA testing. We conclude that such a person does have the right
to appeal. Accordingly, we will order the trial court to file a corrected certification of the
defendant’s right of appeal.
Procedural Background
           In 1983, Eugenio L. Rodriguez pleaded guilty to murder and was sentenced to life
in prison. In July 2002, he filed a motion for DNA testing and appointment of counsel. 
See In re Rodriguez, No. 08-03-00063-CR, 2003 WL 21419588, at *1 (Tex. App.--El
Paso June 19, 2003, orig. proceeding) (not designated for publication). After months
passed without a ruling from the trial court, Rodriguez filed a petition for writ of
mandamus in this Court. See id. While the petition was pending, the trial court appointed
counsel for Rodriguez. See id. at *1-*2. Because the trial court thus granted part of the
relief Rodriguez requested in his mandamus petition, we denied the petition, stating, “We
trust that the court will rule on Rodriguez’s motion for forensic DNA testing within a
reasonable time after counsel has had an opportunity to consult with Rodriguez.” Id. at
*2.
           The trial court subsequently appointed Rodriguez a new attorney, who filed a new
motion for DNA testing. See In re Rodriguez, No. 08-03-00499-CR, 2004 WL 516698, at
*1 (Tex. App.--El Paso March 17, 2004, orig. proceeding) (not designated for
publication). When another lengthy delay ensued without a ruling on the motion,
Rodriguez filed a second mandamus petition in this Court. See id. at *1. Finally, on June
21, 2004, the court conducted a hearing and denied the motion for DNA testing.



           Rodriguez filed a notice of appeal, and the trial court granted his trial attorney’s
motion to withdraw without appointing appellate counsel. Rodriguez then filed a third
mandamus petition, complaining that the trial court was preventing him from pursuing his
appeal. See In re Rodriguez, No. 08-04-00289-CR, 2004 WL 2545083, at *1 (Tex. App.--El Paso Nov. 10, 2004, orig. proceeding) (not designated for publication). Finding no
indication that the trial court was preventing Rodriguez from appealing, we denied the
petition. See id. But we also issued an order, explaining that Rodriguez is entitled to an
appointed appellate attorney, assuming he is indigent and desires the appointment of
counsel. See Gray v. State, 69 S.W.3d 835, 837 (Tex. App.--Waco 2002, no pet.)
(construing the former version of article 64.01(c) of the Code of Criminal Procedure). 
But see Tex. Code Crim. Proc. Ann. art. 64.01(c) (Vernon Supp. 2004-05) (providing
that for motions filed on or after September 1, 2003, counsel must be appointed only if
the trial court “finds reasonable grounds for a motion to be filed”). We therefore ordered
the trial court to conduct a hearing and to appoint counsel if it found that Rodriguez was
indigent and desired the appointment of counsel.
           We also noted that the clerk’s record did not contain the trial court’s certification
of the defendant’s right of appeal, as required by Texas Rule of Appellate Procedure
25.2(a)(2), (d). We ordered the trial court to prepare and forward the certification to the
trial court clerk for filing in this Court.
           In compliance with our order, the trial court conducted a hearing, appointed
counsel, and prepared a certification of the defendant’s right of appeal. The certification
states that this “is a plea-bargain case, and the defendant has NO right of appeal.”



Discussion
           When the defendant pleads guilty and is punished in accordance with a plea
agreement, he may appeal only those matters that the trial court granted permission to
appeal and those matters that were raised by written motion filed and ruled on before trial. 
Tex. R. App. P. 25.2(a)(2). The trial court must certify whether a defendant has the right
to appeal under this rule in every case in which it enters a judgment of guilt or other
appealable order. Id. This Court has the authority to inquire into the accuracy of a trial
court’s certification and to require the trial court to correct the certification if it is wrong. 
See Stowe v. State, 124 S.W.3d 228, 233, 236 (Tex. App.--El Paso 2003, no pet.).
           One of the main interests served by Rule 25.2(a)(2) is judicial economy. Vidaurri
v. State, 49 S.W.3d 880, 884 (Tex. Crim. App. 2001). For example, in some cases, such
as drug offenses, whether certain evidence should be suppressed is effectively dispositive
of the case. If the defendant’s suppression motion is denied, the defendant may believe
that he has little chance of an acquittal in a jury trial. In such a situation, the defendant
may prefer to expedite matters by pleading guilty and then appealing the denial of the
suppression motion. Thus, the State secures an acceptable disposition of the case and the
defendant obtains expeditious appellate review without the necessity of a full adversarial
trial. Id. The Court of Criminal Appeals has held, “The restrictions which ensure judicial
economy, limitations on the defendant’s right to appeal a conviction based on a plea
bargain, are applicable to appeals concerning the conviction itself.” Id. But when a
defendant is appealing an issue unrelated to his conviction, the restrictions should not
apply because the purpose behind the rule is not served. Id.
           The purpose behind the rule would not be served by applying its restrictions to this
appeal. This appeal does not arise from Rodriguez’s conviction, but from a separate
matter that arose after his conviction.
           The statute that authorizes post-conviction DNA testing also indicates that the
restrictions of the rule should not apply to this appeal. It allows the convicting court to
order DNA testing if, among other things, identity was at issue in the case. Tex. Code
Crim. Proc. Ann. art. 64.03(a)(1)(B) (Vernon Supp. 2004-05). The statute provides, “A
convicted person who pleaded guilty or nolo contendere in the case may submit a motion
under this chapter, and the convicting court is prohibited from finding that identity was
not an issue in the case solely on the basis of that plea.” Id. art. 64.03(b). Thus, the
Legislature expressed its intent to allow defendants who pleaded guilty the same right to
post-conviction DNA testing as defendants who did not plead guilty. The statute also
grants a right of appeal “in the same manner as an appeal of any other criminal matter . . .
.” Id. art. 64.05. No reference is made to the restrictions of Rule 25.2(a)(2).
           We conclude that the restrictions of Rule 25.2(a)(2) do not apply to an appeal from 
the denial of post-conviction DNA testing. Accord Lopez v. State, 114 S.W.3d 711, 713-14 (Tex. App.--Corpus Christi 2003, no pet.) (considering the merits of an appeal from
the denial of post-conviction DNA testing where the defendant pleaded guilty pursuant to
a plea agreement). We will therefore direct the trial court to file a corrected certification,
showing that Rodriguez has the right to appeal.
 
                                                                  SUSAN LARSEN, Justice
December 16, 2004

Before Panel No. 1
Larsen, McClure, and Chew, JJ.

(Publish)