NO. 07-04-0574-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL E



APRIL 11, 2005



______________________________




DANIEL LEWIS LEAL, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE 242ND DISTRICT COURT OF HALE COUNTY;



NO. A15660-0408; HONORABLE ED SELF, JUDGE



_______________________________



Before REAVIS and CAMPBELL, JJ. and BOYD, S.J. (1)

MEMORANDUM OPINION


 Pursuant to a plea of guilty, appellant Daniel Lewis Leal was convicted of driving
while intoxicated and punishment was assessed at seven years confinement, suspended
for seven years.

 The clerk's record contains a certification of defendant's right of appeal by which the
trial court certified the underlying case was a plea-bargain case with no right of appeal. By
letter dated March 7, 2005, this Court notified appellant that the certification indicated no
right of appeal and requested a response by March 28, 2005, noting that failure to file an
amended certification would result in dismissal. See Tex. R. App. P. 25.2(a)(2) & (d);
Stowe v. State, 124 S.W.3d 228, 232 (Tex.App.-El Paso 2003, no pet.). Appellant did not
respond and no amended certification reflecting a right to appeal has been filed in a
supplemental record. Thus, we dismiss the appeal.

 Accordingly, the appeal is dismissed.

 Don H. Reavis

 Justice



Do not publish.
1. John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment.



25, 2003.

 The pre-sentence investigation report recited that appellant and the victim worked
together at a hospital. Other coworkers stated appellant was "attracted and infatuated with
the victim" and she was moving back to Canada in part to avoid appellant. The report
reflected that appellant admitted being "very attached" to the victim and going to see her
on the evening of April 23, 2002. He was irritated when the victim told him to leave
because someone was coming over. The next thing he remembered was being in his truck
with blood all over him. He did not remember murdering the victim but admitted he must
have done so. The report stated appellant had no previous criminal history, had served
four years in the Air Force and was working toward a college degree. It also contained
appellant's statements that while in the Air Force he twice had been treated for "severe
depression / organic brain syndrome," ultimately leading to his discharge from the military,
that he had seen a psychiatrist twice in 1997 and that he took Paxil. 

 At the August 25, 2003 sentencing hearing both parties presented argument, and
appellant made a statement and had a discussion with the judge concerning an appropriate
punishment. At the conclusion of the hearing the court adjudicated appellant guilty of
murder and sentenced him to life imprisonment. Appellant timely filed a pro se notice of
appeal and appellate counsel was appointed.

 Appellant's counsel has filed a brief stating she has diligently reviewed the record
and concluded it presents no reversible error and the appeal is frivolous. See Anders v.
California, 386 U.S. 738, 744-45, 87 S.Ct.1396, 18 L.Ed.2d 493 (1967). The brief
discusses the procedural history of the case and applicable law. The brief does not discuss
any potential complaints. See Johnson v. State, 885 S.W.2d 641, 645 (Tex.App.-Waco
1994, pet. ref'd). Counsel also has filed a motion to withdraw and by letter informed
appellant of his right to review the trial record and to file a pro se brief. Appellant has filed
a pro se brief in which he raises three points assigning error to the judgment of the trial
court. The State has filed a brief which merely agrees with the conclusion of defense
counsel that the record shows no reversible error. 

 In conformity with the standards set out by the United States Supreme Court, we will
not rule on the motion to withdraw until we have independently examined the record.
Nichols v. State, 954 S.W.2d 83, 86 (Tex.App.-San Antonio 1997, no pet.). If, after
reviewing the briefs submitted by appellant and his counsel, this court determines the
appeal has merit, we will remand it to the trial court for appointment of new counsel. See
Stafford v. State, 813 S.W.2d 503, 511 (Tex.Crim.App. 1991). 

 The three issues presented in appellant's pro se brief are (1) that the State failed to
meet its burden of proof that he was competent to stand trial, (2) his trial counsel was
ineffective in failing to obtain medical records concerning appellant's history of mental
problems, and (3) the trial court failed to warn him of the possible consequences of his
plea. 

 Appellant's argument in support of his first point alleges he had previously been
declared incompetent and the pre-sentence investigation states he suffered from a "long
history of depression, organic brain syndrome, and mood disorder/obsessive behaviors." 
 Nothing in this record indicates appellant had previously been declared incompetent and
our review is limited to the record before us. Luckette v. State, 906 S.W.2d 663, 668
(Tex.App.-Amarillo 1995, pet. ref'd). Compare Hull v. Freeman, 932 F.2d 159, 168 (3d.
Cir., 1991) (trial counsel asserted defendant was competent after two doctors declared the
defendant incompetent). Without such evidence the State is entitled to rely on the
presumption appellant was competent to stand trial. See Tex. Code Crim. Proc. Ann. art.
46.02 § 1A(b) (Vernon 1979) (repealed effective January 1, 2004).

 Further, appellant provides no argument or authority that depression or the other
conditions he mentions prevented him from consulting with his counsel or having a rational
and factual understanding of the proceedings. See Tex. Code. Crim. Proc. Ann. art. 46.02
§1A(a) (Vernon 1979) (repealed effective January 1, 2004). Not disclosed in appellant's
brief is the fact, shown in the appellate record, that on his trial counsel's motion, the trial
court authorized the hiring of a psychiatric expert. The only result of appellant's examination
by that expert reflected in the record is the statement by his counsel at the August 25, 2003
hearing that it failed to "find anything that would help us understand what happened on that
day." Moreover, appellant stipulated in writing that he was mentally competent and his
counsel certified that he appeared to be competent to stand trial. Appellant's first point fails
to raise a meritorious issue.

 Appellant's second point asserts his counsel was ineffective for failing to obtain
medical records from the Air Force showing his mental problems. The standards by which
the effectiveness of counsel is reviewed are set out in the seminal case of Strickland v.
Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), and adopted by our
Court of Criminal Appeals in Hernandez v. State, 726 S.W.2d 53, 57 (Tex.Crim.App. 1986). 
In order to show trial counsel was ineffective, a claimant must establish two elements: (1)
that his counsel's performance was deficient, and (2) the deficient performance prejudiced
the defense. Strickland, 466 U.S. at 687. The first component is met by showing that trial
counsel made errors so significant that he was not functioning as the counsel guaranteed
by the Sixth Amendment to the United States Constitution. Id. The second component
necessitates a showing that counsel's errors were so serious that they deprived the
defendant of a fair trial, i.e., a trial whose result is reliable. Id. A claimant must show that,
but for counsel's errors, there is a reasonable probability that the result of the trial would
have been different. Id. at 694. A reasonable probability is one sufficient to undermine
confidence in the outcome. Id. 

 Appellant does not assert that any records from his service in the Air Force would
be relevant to his present competency to stand trial or provide information relevant to
punishment which was not revealed in the pre-sentence investigation report. The argument
offers nothing to suggest counsel's performance was deficient or there was any prejudice
to the defense. 

 Under appellant's second point he also argues his trial counsel misrepresented the
terms of the plea bargain. In support he points to a cover page on the pre-sentence
investigation report. That document actually indicates there was no agreement on
punishment. It is a summary of a separate document reflecting that the State was
withholding a punishment recommendation until completion of the pre-sentence
investigation, and the defense was recommending the minimum sentence. Appellant's
second point is without merit.

 In his third point, appellant argues the trial court failed to warn him of the possible
consequences of his plea. This assertion is contrary to the record. Article 26.13(a) of the 
Code of Criminal Procedure defines the admonitions required before accepting a plea of
guilty. Tex. Code Crim. Proc. Ann. art. 26.13(a) (Vernon Supp. 2004). The written plea
admonishments, signed by appellant, and the oral admonishments at the hearing on his
plea addressed each of those matters. Appellant does not state any additional
admonishment that he believes is required. This point fails to present a meritorious issue
on appeal. 

 We have also made an independent examination of the record to determine whether
there are any arguable grounds which might support the appeal. See Stafford v. State, 813
S.W.2d 503, 511 (Tex.Crim.App. 1991). We agree it presents no meritorious grounds for
review. We grant counsel's motion to withdraw and affirm the judgment of the trial court.


 James T. Campbell

 Justice




Do not publish.