Becker v. State







COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

)
JOE WILLIE GREENING,                              )                  No. 08-03-00347-CR
)
                                    Appellant,                        )                              Appeal from
)
v.                                                                          )                  143rd District Court
)
THE STATE OF TEXAS,                                   )                  of Ward County, Texas
)
                                    Appellee.                          )                  (TC# 00-05-04306-CRW)

O P I N I O N

            Joe Willie Greening appeals his conviction of engaging in organized criminal activity.


 The
trial court found that Appellant had violated the terms and conditions of deferred adjudication
community supervision and entered an adjudication of guilt. The court assessed punishment at a
$1,500.00 fine and imprisonment for a term of twelve years. For the reasons that follow, we reform
the judgment and affirm it as reformed.
FACTUAL SUMMARY
            On July 14, 2000, Appellant waived his right to a jury trial and entered a negotiated plea of
guilty to “possession of marihuana in combination” or engaging in organized criminal activity. The
trial court followed the plea bargain, placed Appellant on deferred adjudication community
supervision for four years, and assessed a fine of $1,500. The State subsequently filed a motion to
adjudicate guilt based on several alleged violations of the terms and conditions of community
supervision. Appellant entered a plea of true to five of the alleged violations and not true to the
remainder. Based on the violations to which Appellant entered a plea of true, the court entered an
adjudication of guilt and assessed punishment at a fine of $1,500 and imprisonment for a term of
twelve years.
ISSUES RELATED TO ORIGINAL GUILTY PLEA
            Appellant’s first two issues relate to his original guilty plea. In Issue One, he asserts that he
was denied effective assistance of counsel because his court-appointed attorney had a conflict of
interest.


 In Issue Two, Appellant complains that the trial court failed to conduct a hearing to
determine whether Appellant was aware of the conflict of interest and wished to waive it. As a
general rule, a defendant placed on deferred adjudication community supervision may raise issues
related to the original plea proceeding only in appeals taken when deferred adjudication community
supervision is first imposed. Stowe v. State, 124 S.W.3d 228, 233-34 (Tex.App.--El Paso 2003, no
pet.), citing Manuel v. State, 994 S.W.2d 658, 661-62 (Tex.Crim.App. 1999). Appellant does not
allege, and the record does not reflect, that either of the two recognized exceptions to this rule
applies in this case. See Nix v. State, 65 S.W.3d 664, 667 & 669-70 (Tex.Crim.App. 2001)
(discussing the void judgment exception and the habeas corpus exception). Because Appellant did
not timely appeal from the order placing him on deferred adjudication, and no exception entitles him
to collaterally attack the judgment, we have no jurisdiction over Issues One and Two. Manuel, 994
S.W.2d at 662.
            Appellant’s ability to appeal matters related to the original guilty plea is limited for yet
another reason. The clerk’s record reflects that Appellant entered a negotiated guilty plea and the
punishment assessed did not exceed the recommended punishment. An appeal from the original
guilty plea would have been restricted by the rule that the defendant may appeal only those matters
raised by written motion and ruled on before trial, or after getting the trial court’s permission to
appeal. Tex.R.App.P. 25.2(a)(2); see Stowe, 124 S.W.3d at 234.


 Appellant waived his right to
appeal as part of the plea bargain. It is well established that a defendant in a noncapital case may
waive any right secured him by law, including his right to appeal. Blanco v. State, 18 S.W.3d 218,
219 (Tex.Crim.App. 2000); Tex.Code Crim.Proc.Ann. art. 1.14(a)(Vernon 2005). A knowing and
intelligent waiver is binding on the defendant and prevents him from appealing a waived issue
without the consent of the court. See Monreal v. State, 99 S.W.3d 615, 622 (Tex.Crim.App. 2003);
Blanco, 18 S.W.3d at 219-20. For all of these reasons, we overrule Issues One and Two.
SENTENCING
            In Issue Three, Appellant contends that the trial court erred in assessing a fine since the court
did not pronounce a fine at sentencing. The State concedes that the fine should not have been
included in the judgment and requests that the judgment be reformed to remove it. Issue Three is
therefore sustained and the judgment is reformed to delete the fine. We have also reformed the
judgment to reflect Appellant’s conviction of engaging in organized criminal activity. The judgment,
as reformed, is affirmed.

June 9, 2005                                                                
                                                                                    ANN CRAWFORD McCLURE, Justice

Before Barajas, C.J., McClure, and Chew, JJ.

(Do Not Publish)