NO. 07-05-0341-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL D



DECEMBER 13, 2005



______________________________


 

TERRESA JOELEEN WELLS


A/K/A TERRESA JOELEEN NORTHCUTT, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE


 _________________________________



FROM THE 222ND DISTRICT COURT OF DEAF SMITH COUNTY;



NO. CR-02I-131; HONORABLE H. BRYAN POFF, JR., JUDGE


_______________________________




Before QUINN, C.J., and REAVIS and CAMPBELL, JJ.

MEMORANDUM OPINION


 Appellant Terresa Joeleen Wells, a/k/a Terresa Joeleen Northcutt, appeals from her
conviction of arson. On April 16, 2004, the trial court signed an order deferring adjudication
and granting community supervision to appellant. On April 20, 2005, the State filed its
Motion to Revoke Probation and Proceed with Adjudication of Guilt alleging appellant
violated the terms of her community supervision. On July 6, 2005, the State filed its First
Amended Motion to Revoke Probation and Proceed with Adjudication of Guilt alleging
additional violations of the terms of appellant's community supervision. 

 On August 25, 2005, appellant executed a Plea of True to State's Motion to Revoke
Probation and signed a Waiver of Right to Appeal. Appellant was sentenced to the Texas
Department of Criminal Justice Institutional Division for a term of eighteen years. The
certification of appeal states appellant has no right of appeal because it is a plea bargain
case and because appellant has waived her right of appeal. 

 By letter dated November 10, 2005, this court notified appellant of these
circumstances and that the appeal was subject to dismissal. The court requested that
appellant either supply us with an amended certification illustrating that she has a right to
appeal or inform us why we should continue the appeal, by November 21, 2005. That
deadline has passed, and we have received neither a response nor an amended
certification. 

 We have examined the clerk's record to determine whether the trial court's
certification is defective. Dears v. State, 154 S.W.3d 610, 613 (Tex.Crim.App. 2005). 
Because the trial court's certification affirmatively shows appellant waived her right of
appeal and because the record supports the trial court's certification, we dismiss this
appeal. See Monreal v. State, 99 S.W.3d 615, 617 (Tex.Crim.App. 2003) (a valid waiver
of appeal prevents a defendant from appealing without the trial court's consent); Stowe v.
State, 124 S.W.3d 228, 234 (Tex. App.-El Paso 2003, no pet.) ("[a] defendant in a
noncapital case may waive any right secured him by law, including his right to appeal").

 Accordingly, the appeal is dismissed. 


 James T. Campbell

 Justice





Do not publish. 



">THE STATE OF TEXAS, APPELLEE
_________________________________

FROM THE 137TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2007-417,356; HONORABLE CECIL G. PURYEAR, JUDGE
_______________________________


Before CAMPBELL and HANCOCK and PIRTLE, JJ.
ABATEMENT AND REMAND
          Following a plea of not guilty, appellant Ricky Morrison was convicted by jury of
aggravated sexual assault and sentenced to fifty years confinement. Appellant timely filed
a notice of appeal challenging his conviction. The clerk’s record filed on January 9, 2008
contains the Trial Court’s Certification of Defendant’s Right of Appeal. The form, however,
is not signed by appellant as required by Texas Rule of Appellate Procedure 25.2(d).



 
          Consequently, we abate this appeal and remand the cause to the trial court for
further proceedings. On remand, the trial court shall utilize whatever means necessary to
secure a Certification of Defendant’s Right of Appeal in compliance with Texas Rule of
Appellate Procedure 25.2(d). Once properly executed, the certification shall be included
in a supplemental clerk’s record and filed with this Court on or before February 11, 2008.
          It is so ordered. 
 
                                                                                      Per Curiam





 

Do not publish.