NO. 07-05-0341-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

DECEMBER 13, 2005

_____

TERRESA JOELEEN WELLS
A/K/A TERRESA JOELEEN NORTHCUTT, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_____

FROM THE 222ND DISTRICT COURT OF DEAF SMITH COUNTY;

NO. CR-02I-131; HONORABLE H. BRYAN POFF, JR., JUDGE
_____

Before QUINN, C.J., and REAVIS and CAMPBELL, JJ.

**MEMORANDUM OPINION**

Appellant Terresa Joeleen Wells, a/k/a Terresa Joeleen Northcutt, appeals from her conviction of arson. On April 16, 2004, the trial court signed an order deferring adjudication and granting community supervision to appellant. On April 20, 2005, the State filed its Motion to Revoke Probation and Proceed with Adjudication of Guilt alleging appellant violated the terms of her community supervision. On July 6, 2005, the State filed its First

Amended Motion to Revoke Probation and Proceed with Adjudication of Guilt alleging additional violations of the terms of appellant's community supervision.

On August 25, 2005, appellant executed a Plea of True to State's Motion to Revoke Probation and signed a Waiver of Right to Appeal. Appellant was sentenced to the Texas Department of Criminal Justice Institutional Division for a term of eighteen years. The certification of appeal states appellant has no right of appeal because it is a plea bargain case and because appellant has waived her right of appeal.

By letter dated November 10, 2005, this court notified appellant of these circumstances and that the appeal was subject to dismissal. The court requested that appellant either supply us with an amended certification illustrating that she has a right to appeal or inform us why we should continue the appeal, by November 21, 2005. That deadline has passed, and we have received neither a response nor an amended certification.

We have examined the clerk's record to determine whether the trial court's certification is defective. *Dears v. State*, 154 S.W.3d 610, 613 (Tex.Crim.App. 2005). Because the trial court's certification affirmatively shows appellant waived her right of appeal and because the record supports the trial court's certification, we dismiss this appeal. *See Monreal v. State*, 99 S.W.3d 615, 617 (Tex.Crim.App. 2003) (a valid waiver of appeal prevents a defendant from appealing without the trial court's consent); *Stowe v. State*, 124 S.W.3d 228, 234 (Tex. App.–El Paso 2003, no pet.) ("[a] defendant in a noncapital case may waive any right secured him by law, including his right to appeal").

2

Accordingly, the appeal is dismissed.


James T. Campbell
Justice


Do not publish.