NO. 07-05-0465-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL B



FEBRUARY 15, 2006



______________________________


 

JOE MANUEL GARCIA, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE


_________________________________



FROM THE 251ST DISTRICT COURT OF RANDALL COUNTY;



NO. 16,574-C; HONORABLE PATRICK A. PIRTLE, JUDGE


_______________________________




Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

MEMORANDUM OPINION


 Appellant, Joe Manuel Garcia, appeals from his conviction of possession of a
controlled substance. On May 17, 2005, the trial court signed an order deferring
adjudication and granting community supervision to appellant. On September 14, 2005,
the State filed its Motion to Revoke Order Granting Unadjudicated Probation alleging
appellant violated the terms of his community supervision. 

 On November 21, 2005, appellant executed a Defendant's Waiver of Appeal after
Sentence or Punishment has been Imposed in Accordance with Plea Bargain Agreement
and Waiver of Appeal Pursuant to Plea Bargain Agreement with the State. Appellant was
sentenced to the Texas Department of Criminal Justice, Institutional Division, for a term
of 10 years. The certification of appeal states appellant has no right of appeal because it
is a plea bargain case and because appellant has waived his right of appeal. 

 By letter dated December 28, 2005, this court notified appellant of these
circumstances and that the appeal was subject to dismissal. The court requested that
appellant inform us why we should continue the appeal, by January 30, 2006. That
deadline has passed, and we have not received a response to our request. 

 We have examined the clerk's record to determine whether the trial court's
certification is defective. Dears v. State, 154 S.W.3d 610, 613 (Tex.Crim.App. 2005). 
Because the trial court's certification affirmatively shows appellant waived his right of
appeal and because the record supports the trial court's certification, we dismiss this
appeal. See Monreal v. State, 99 S.W.3d 615, 617 (Tex.Crim.App. 2003) (a valid waiver
of appeal prevents a defendant from appealing without the trial court's consent); Stowe v.
State, 124 S.W.3d 228, 234 (Tex.App.-El Paso 2003, no pet.) ("[a] defendant in a
noncapital case may waive any right secured him by law, including his right to appeal").

 Accordingly, the appeal is dismissed. 

 Mackey K. Hancock

 Justice



Do not publish. 



 equitable
interest in the vehicle does not fill the void. This is so because statements appearing in an appellate brief
are not evidence. See Goode v. Shoukfeh, 915 S.W.2d 666, 671 (Tex. App.--Amarillo 1996), aff'd, 943
S.W.2d 441 (Tex. 1997) (holding that unsworn statements of fact in an appellate brief are not evidence).