NO. 07-05-0465-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

FEBRUARY 15, 2006

_____

JOE MANUEL GARCIA, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_____

FROM THE 251ST DISTRICT COURT OF RANDALL COUNTY;

NO. 16,574-C; HONORABLE PATRICK A. PIRTLE, JUDGE
_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

**MEMORANDUM OPINION**

Appellant, Joe Manuel Garcia, appeals from his conviction of possession of a controlled substance. On May 17, 2005, the trial court signed an order deferring adjudication and granting community supervision to appellant. On September 14, 2005, the State filed its Motion to Revoke Order Granting Unadjudicated Probation alleging appellant violated the terms of his community supervision.

On November 21, 2005, appellant executed a Defendant's Waiver of Appeal after Sentence or Punishment has been Imposed in Accordance with Plea Bargain Agreement and Waiver of Appeal Pursuant to Plea Bargain Agreement with the State. Appellant was sentenced to the Texas Department of Criminal Justice, Institutional Division, for a term of 10 years. The certification of appeal states appellant has no right of appeal because it is a plea bargain case and because appellant has waived his right of appeal.

By letter dated December 28, 2005, this court notified appellant of these circumstances and that the appeal was subject to dismissal. The court requested that appellant inform us why we should continue the appeal, by January 30, 2006. That deadline has passed, and we have not received a response to our request.

We have examined the clerk's record to determine whether the trial court's certification is defective. Dears v. State, 154 S.W.3d 610, 613 (Tex.Crim.App. 2005). Because the trial court's certification affirmatively shows appellant waived his right of appeal and because the record supports the trial court's certification, we dismiss this appeal. See Monreal v. State, 99 S.W.3d 615, 617 (Tex.Crim.App. 2003) (a valid waiver of appeal prevents a defendant from appealing without the trial court's consent); Stowe v. State, 124 S.W.3d 228, 234 (Tex.App.–El Paso 2003, no pet.) ("[a] defendant in a noncapital case may waive any right secured him by law, including his right to appeal").

Accordingly, the appeal is dismissed.

Mackey K. Hancock
Justice

Do not publish.

2