IN THE COURT OF CRIMINAL APPEALS


OF TEXAS


 




NOS. PD-703-05 & 705-05




 


 TIMOTHY LAWRENCE MOORE, Appellant



 v.



 THE STATE OF TEXAS


 



ON APPELLANT'S PETITIONS FOR DISCRETIONARY REVIEW


FROM THE SEVENTH COURT OF APPEALS


POTTER COUNTY





 Per curiam.


 O P I N I O N 




 Appellant challenges the court of appeals' dismissal of his appeals under Tex.R.App.P.
25.2(a)(2) after he was adjudicated guilty of burglary of a habitation and aggravated robbery.
He contends he has the right to appeal under Article 42.12 § 5(b) of the Texas Code of
Criminal Procedure. In light of our recent decision in Hargesheimer v. State, S.W.3d (Tex.
Crim. App. No. PD-1610-04, delivered January 18, 2006), we will remand these cases to the
Court of Appeals.

 Appellant pled guilty to burglary of a habitation and aggravated robbery. In accord with
a plea bargain, the trial court deferred adjudication of guilt and placed Appellant on community
supervision for six years and ten years, respectively. In 2003, the trial court adjudicated
Appellant guilty and sentenced him to confinement for forty years for each offense. Appellant
filed notices of appeal, but the trial court certified that these were plea bargain cases and
Appellant did not have a right to appeal. The Court of Appeals sent a letter to Appellant's
counsel notifying him that the appeal would be dismissed unless the certifications were
amended to show a right to appeal or Appellant provided grounds for continuing the appeals. 
Appellant did not respond and the certifications were not amended. The Court of Appeals
dismissed the appeals and referenced Rule 25.2(a)(2) & (d); Stowe v. State, 124 S.W.3d 228,
232 (Tex.App. - El Paso, 2003, no pet.). Moore v. State, Nos. 07-03-0129-CR & 07-03-0130-CR (Tex.App. - Amarillo, delivered March 29, 2005). 

 Appellant filed petitions for discretionary review contending he had a right to appeal
under Art. 42.12, § 5(b) and Dears v. State, 154 S.W.3d 610 (Tex. Crim. App. 2005). In
Hargesheimer we addressed the relationship between Rule 25.2(a)(2) and Art. 42.12, § 5(b). 
We held that when a defendant appeals from an adjudication proceeding under Art. 42.12, §
5(b), Rule 25.2(a)(2) will not restrict appeal; although we also noted that Art. 42.12, § 5(b) will
still prohibit the appeal of the trial court's decision to adjudicate guilt. Id. at , slip op. at 14. 
The Court of Appeals in the instant case did not have the benefit of our opinion in
Hargesheimer. Accordingly, we grant review of Appellant's petitions for discretionary review,
vacate the judgments of the Court of Appeals, and remand the cases to that court in light of our
decision in Hargesheimer.

Delivered March 29, 2006

Do not publish