NO. 07-06-0210-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

JULY 27, 2006
_____

LESLIE C. CHEW, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_____

FROM THE 364TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2006-411688; HONORABLE BRADLEY S. UNDERWOOD, JUDGE
_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

**MEMORANDUM OPINION**

Pursuant to a plea of guilty, appellant Leslie C. Chew was convicted of theft, in an amount less than $1,500, enhanced by two prior convictions, and punishment was assessed at 18 months incarceration in a state jail facility. Proceeding *pro se*, appellant filed notice of appeal challenging the conviction.

We have received a certification of right of appeal by which the trial court certified that the underlying case was a plea-bargain case with no right of appeal. By letter, dated June 1, 2006, this Court notified appellant that the certification indicated that he had no

right of appeal. In this letter, we further notified appellant that the appeal was subject to dismissal unless he provided this Court with an amended certification providing that he has the right of appeal or otherwise demonstrates that there exists other grounds for continuing the appeal by June 16, 2006. See TEX. R. APP. P. 25.2(a)(2), (d); Stowe v. State, 124 S.W.3d 228, 232 (Tex.App.–El Paso 2003, no pet.). No amended certification reflecting a right to appeal has been filed and appellant has failed to demonstrate other grounds for continuing the appeal.[1]

Therefore, the appeal is dismissed.

Mackey K. Hancock
Justice

Do not publish.

_____

[1]Appellant did file a letter with this Court requesting that the appeal be continued. However, this letter fails to identify any appellate issues relating to matters that were raised by written motion filed and ruled on before trial nor did it identify any efforts by the appellant to obtain the trial court's permission to appeal. See TEX. R. APP. P. 25.2(a)(2). A pro se defendant is held to the same standard as any attorney who represents a defendant. See Johnson v. State, 760 S.W.2d 277, 279 (Tex.Crim.App. 1988).