NO. 07-06-0186-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



AUGUST 9, 2006


 ______________________________



ROBERT EARL PATTERSON, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE


_________________________________



FROM THE 108th DISTRICT COURT OF POTTER COUNTY;



NO. 52,286-E; HONORABLE ABE LOPEZ, JUDGE


_______________________________




Before REAVIS and CAMPBELL and HANCOCK, JJ.

MEMORANDUM OPINION


 Pursuant to a plea of guilty, appellant Robert Earl Patterson was convicted of
possession of a controlled substance, enhanced. Proceeding pro se, appellant filed notice
of appeal challenging the conviction.

 We have received a certification of right of appeal by which the trial court certified
that the underlying case was a plea-bargain case with no right of appeal. By letter, dated
July 12, 2006, this Court notified appellant that the certification indicated that he had no
right of appeal. In this letter, we further notified appellant that the appeal was subject to
dismissal unless he provided this Court with an amended certification providing that he has
the right of appeal or otherwise demonstrates that there exists other grounds for continuing
the appeal by August 1, 2006. See Tex. R. App. P. 25.2(a)(2), (d); Stowe v. State, 124
S.W.3d 228, 232 (Tex.App.-El Paso 2003, no pet.). No amended certification reflecting
a right to appeal has been filed and appellant has failed to demonstrate other grounds for
continuing the appeal. 

 Therefore, the appeal is dismissed.


 Mackey K. Hancock

 Justice





Do not publish. 



appellant, and that counsel has advised appellant of her right to review the
record and file a pro se response. Johnson, 885 S.W.2d at 645. By letter, this court also
notified appellant of her right to submit a response to the Anders brief and motion to
withdraw filed by her counsel. Appellant has filed a letter response complaining of the
performance of her trial counsel. The State has not filed a brief in this appeal.

 In conformity with the standards set out by the United States Supreme Court, we will
not rule on the motion to withdraw until we have independently examined the record. 
Nichols v. State, 954 S.W.2d 83, 86 (Tex.App.-San Antonio 1997, no pet.). If this court
determines the appeal has merit, we will remand it to the trial court for appointment of new
counsel. See Stafford v. State, 813 S.W.2d 503, 511 (Tex.Crim.App. 1991).

 The potential issues discussed in counsel's brief address the sufficiency of the
evidence supporting the conviction and whether appellant's trial counsel provided
reasonably effective assistance. The evidence included testimony from Marshall Kneisley
that his checkbook was taken in a robbery in December 2005 and he did not authorize
anyone to use checks from that checkbook. Patrick Solis, a bank teller, testified appellant
presented a check from Kneisley's checkbook for payment in May 2006. According to
Solis, when appellant declined to present adequate identification, she left without the
check, stating to her companion, Michael Douglas, (1) "we got to get out of here." The check
also was in evidence. It is made payable to Amelia Moore. Appellant testified in her
defense that she was given the check by a man she met at a party and she only sought
to determine if the bank would honor the check. She stated she did not know the man who
gave her the check was not Kneisley. Counsel's brief discusses the applicable standards
for reviewing the sufficiency of the evidence and concludes the evidence was sufficient to
support the judgment. 

 The second potential issue in counsel's brief, and the sole issue discussed in
appellant's pro se response, address whether appellant's trial counsel presented
reasonably effective assistance. The standard by which appellate review of the
effectiveness of trial counsel is measured is that set out in the seminal case of Strickland
v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), and adopted by our
Court of Criminal Appeals in Hernandez v. State, 726 S.W.2d 53, 57 (Tex.Crim.App. 1986). 
In order to show that trial counsel was ineffective, a claimant must establish two elements:
(1) counsel's performance was deficient, and (2) the deficient performance prejudiced the
defense. Strickland, 466 U.S. at 687. To be sustained, an allegation of ineffective
assistance of counsel must be firmly founded and affirmatively demonstrated in the record. 
McFarland v. State, 928 S.W.2d 482, 500 (Tex.Crim.App.1996). As counsel discusses, 
the record shows appellant's trial counsel's preparation for trial included personal
interviews of witnesses and shows he made appropriate objections during trial. Defense
counsel presented appellant's version of events through her testimony and obtained a writ
of attachment to secure the presence of Michael Douglas as a defense witness to support
appellant's version. Defense counsel was successful in presenting the favorable testimony
in the absence of the witness through a stipulation. The record does not show appellant
was deprived of the effective assistance of counsel.

 Our review of counsel's brief, including her discussion of potential issues on appeal,
and the record convinces us that appellate counsel conducted a thorough review of the
record. We also have independently examined the entire record in this case to determine
whether there are any non-frivolous grounds which might support the appeal. See Penson
v. Ohio, 488 U.S. 75, 80, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988); Stafford v. State, 813
S.W.2d at 511.

 Having reviewed the record before us, we agree with counsel that the appeal is
frivolous. See Bledsoe v. State, 178 S.W.3d 824 (Tex.Crim.App. 2005). Accordingly,
counsel's motion to withdraw is granted (2) and the judgment of the trial court is affirmed. 


Do not publish. 

 

 James T. Campbell

 Justice



1. One of the tellers recognized Douglas as a bank customer.
2. In granting counsel's motion to withdraw, however, we remind counsel to insure
that he has complied with the "educational"duty to inform appellant of her right to file a pro
se petition for discretionary review in the Court of Criminal Appeals. Ex parte Owens, 206
S.W.3d 670 (Tex.Crim.App. 2006).