NO. 07-06-0242-CR
07-06-0243-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

SEPTEMBER 15, 2006
_____

ALBERT V. JESSUP,[1] APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_____

FROM THE 47TH DISTRICT COURT OF POTTER COUNTY;

NO. 51,244-A, 51,225-A; HONORABLE HAL MINER, JUDGE
_____

Before REAVIS and CAMPBELL and HANCOCK, JJ.

**MEMORANDUM OPINION**

Appellant Albert V. Jessup, appearing pro se, appeals his felony convictions of possession of child pornography.  On April 17, 2006, the court signed orders deferring adjudication and granting community supervision to appellant.  On the same day, the trial court's certifications indicated this "is a plea-bargain case, and the defendant has NO right of appeal" and that the "defendant has waived the right of appeal."  On May 16, 2006, the

_____

[1]  This Court will follow the spelling of appellant's name as it appears in the trial court's records.

trial court signed orders, nunc pro tunc, again deferring adjudication and granting community supervision to appellant for the possession of child pornography convictions. On June 19, 2006, the trial court again entered its certifications that this "is a plea-bargain case, and the defendant has NO right of appeal" and that "the defendant has waived the right of appeal."

On June 15, 2006, appellant filed his notice of appeal in both cases. On August 21, 2006, appellant filed his brief. By letter dated August 21, 2006, this Court notified appellant the "referenced appeals are subject to dismissal based on the certifications unless the Court receives amended certifications providing that you have the right of appeal or you demonstrate other grounds for continuing the appeals, on or before August 31, 2006" and cited appellant to Rule 25.2 of the Texas Rules of Appellate Procedure.

Appellant responded by filing a supplemental and amended notice of appeal, and a motion requesting additional time to file an amended brief. Appellant's filed documents indicate additional briefing is necessary "due to claims of ineffective assistance of counsel that effected [sic] the voluntariness of defendant's plea made pursuant to a plea agreement; and of jurisdictional matters in accordance with Tx. Code of Crim. Proc., Art. 1.15 . . . ." Neither of the documents filed addresses the trial court's certifications that appellant has no right of appeal. TEX. R. APP. P. 25.2(a)(2), (d); *see also Cooper v. State*, 45 S.W.3d 77, 83 (Tex.Crim.App. 2001); *Carender v. State*, 155 S.W.3d 929, 931 (Tex.App.–Dallas 2005, no pet.) (Rule 25.2(b) does not permit plea-bargaining defendant to appeal voluntariness of plea). Because the trial court's certifications affirmatively show this is a plea bargain case and appellant waived his right of appeal and because the record

supports the trial court's certifications, we must dismiss this appeal. *See Monreal v. State*, 99 S.W.3d 615, 617 (Tex.Crim.App. 2003) (valid waiver of appeal prevents defendant from appealing without the trial court's consent); *Stowe v. State*, 124 S.W.3d 228, 234 (Tex. App.–El Paso 2003, no pet.) ("[a] defendant in a noncapital case may waive any right secured him by law, including his right to appeal").

Accordingly, the appeals are dismissed. Appellant's motion for an extension of time to file an amended brief is denied as moot.

James T. Campbell
Justice

Do not publish.