NO. 07-05-0072-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

MAY 31, 2005

_____

CHARLES STERLING MOBLEY, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 108TH DISTRICT COURT OF POTTER COUNTY;

NO. 47,640-E; HONORABLE DAVID GLEASON, JUDGE

_____

Before QUINN, C.J., and REAVIS and CAMPBELL, JJ.

**ABATEMENT AND REMAND**

On December 1, 2003, pursuant to a plea agreement, the trial court granted appellant Charles Sterling Mobley deferred adjudication for possession of a controlled substance and placed him on community supervision for three years with a fine of $800. Based on the State's amended motion to revoke for violations of the conditions of

community supervision, the trial court adjudicated him guilty and assessed punishment at four years confinement plus the original fine. When the clerk's record was filed, this Court notified appellant by letter dated April 28, 2005, that the trial court's certification reflected he had no right of appeal from an adjudication of guilt. He was invited to file an amended certification or demonstrate other grounds for continuing the appeal and responded with a motion in support of his right to appeal and a request for a copy of the clerk's record.

By the motion, appellant challenges the accuracy of the certification indicating he intends to appeal only the sentencing phase following the adjudication of guilt. He also attached as exhibits to the motion (1) a copy of an amended notice of appeal specifically reflecting his intent to appeal the sentencing phase and (2) a copy of a request to the trial court dated February 22, 2005, to sign a corrected certification. According to appellant, a corrected certification has not been signed and he is being denied access to a copy of the clerk's record without permission from the trial court. *See* Tex. R. App. P. 34.5(g).[1]

Effective January 2003, the trial court is required to enter a certification of a defendant's right of appeal. Tex. R. App. P. 25.2(a)(2). The appendix to Rule 25.2 contains the form that the trial court should use in certifying the right of appeal. Subsection (d) of the rule requires us to dismiss a criminal appeal in which the record does not contain a certification showing that an appellant has the right of appeal. However, Rules 34.5(c)

---

[1]All references to rules are to the Texas Rules of Appellate Procedure unless otherwise designated.

and its Notes and Comments and Rule 37.1 provide the framework for correcting a defective certification before summarily dismissing an appeal.

The Court of Criminal Appeals has recently addressed the issue of a defective certification. Dears v. State, 154 S.W.3d 610 (Tex.Cr.App. 2005). Barbara Dears entered open guilty pleas in three companion cases. Several years later, the State filed motions to revoke in all three cases, and Dears agreed to plead true to the allegations in exchange for a five year sentence. *Id.* at 611. She filed notices of appeal in all three cases, two of which were revocation orders and the third an adjudication of guilt. The trial court entered certifications in each case indicating the cases were plea-bargained and Dears had no right of appeal. *Id.* at 612. The docketing statements, however, reflected the cases were not plea bargains. After ordering the district clerk to provide the judgments and plea papers in the cases, the appellate court dismissed the appeals reasoning that, "[a]lthough these cases do not fall squarely within the language of rule 25.2(a)(2) regarding plea bargains, we see no reason why appellant should not be bound by the plea agreement she entered for punishment . . . ." *Id.* The Court concluded that the appellate court misapplied Rule 25.2(a)(2). The rule applies only to plea bargains in regard to guilty pleas, not pleas of true on revocation motions. *Id.* The Court also noted that Rules 44.3 and 44.4 "reflect a strong interest in ensuring that a defendant's right to appeal is not abridged due to 'defects or irregularities' which can be corrected."[2] *Id*. at 614.

---

[2]Rule 44.3 provides in part that we must not dismiss an appeal for formal defects or irregularities in appellate procedure without allowing a reasonable time to correct them. Rule 44.4 further provides that we must not dismiss an appeal if a remediable error of the trial court prevents proper presentation of a case.

A defective certification is one that, when compared with the record before the court, proves to be inaccurate. *Id*. *See also* Hargesheimer v. State, 126 S.W.3d 658, 659 (Tex.App.–Amarillo 2004, pet. ref'd).[3] The *Dears* Court concluded that we have the ability to examine a certification for defectiveness and use Rules 37.1 and 34.5(c) to obtain another certification, when appropriate. 154 S.W.3d at 614.

In the present case appellant was granted deferred adjudication and placed on community supervision for three years in exchange for his guilty plea. After his adjudication of guilt, the trial court assessed punishment at four years confinement and the original fine of $800.[4] A trial court does not exceed the recommended punishment if, following an adjudication of guilt, it later assesses any punishment within the range authorized by law. Woods v. State, 68 S.W.3d 667, 669 (Tex.Cr.App. 2002). An unconventional certification was entered by the trial court as follows:

**TRIAL COURT CERTIFICATION OF DEFENDANT'S RIGHT OF APPEAL**

I, Judge of the trial court, certify this criminal case is an adjudication of guilt on the original charge following a violation of deferred judgment probation, from which no appeal may be taken. The defendant does not have the right to appeal (see Article 42.12, sec. 5 (b) CCP).

---

[3]Following this Court's remand and directive to the trial court to re-certify whether appellant had the right of appeal, the trial court determined that appellant had no right of appeal and the appeal was dismissed. Hargesheimer v. State, 140 S.W.3d 443, 444-45 (Tex.App.–Amarillo 2004, pet. granted March 9, 2005).

[4]A different judge adjudicated appellant's guilt than the judge who granted deferred adjudication.

4

According to the exhibits attached to appellant's motion in support of his right to appeal, on February 22, 2005, he notified the trial court that he intended to appeal only the punishment phase and requested that a corrected certification be entered. He provided a corrected certification for the judge's signature. On March 1, 2005, appellant filed an amended notice of appeal reflecting he wished to appeal only the punishment phase of the adjudication proceeding.

Article 42.12, section 5(b) of the Texas Code of Criminal Procedure expressly denies a defendant the right to appeal from a trial court's determination to adjudicate guilt. Connolly v. State, 983 S.W.2d 738, 741 (Tex.Cr.App. 1999). An appeal, however, of all proceedings following an the adjudication of guilt (*i.e.*, assessment of punishment, pronouncement of sentence) is not foreclosed by statute.[5] Additionally, a challenge to the process by which punishment is assessed is an issue unrelated to the original conviction based on a guilty plea and the Rule 25.2(a)(2) limitations on a defendant's right to appeal are not triggered. Vidaurri v. State, 49 S.W.3d 880, 884-85 (Tex.Cr.App. 2001). *See also* Feagin v. State, 967 S.W.2d 417, 419 (Tex.Cr.App. 1998). On the other hand, Rule 25.2(a)(2) controls an appeal, made before or after an adjudication of guilt, by a defendant placed on deferred adjudication who challenges an issue relating to his conviction. *Woods*, 68 S.W.3d at 669.

---

[5]Any complaints regarding post-adjudication proceedings must be preserved for review. *See* Tex. R. App. P. 33.1(a)(1)(A); *see also* Hardeman v. State, 1 S.W.3d 689, 690 (Tex.Cr.App. 1999).

Under *Vidaurri* and *Woods*, a defendant who pleads guilty in exchange for deferred adjudication and is later adjudicated guilty has a conditional right of appeal, *i.e.*, he may not appeal issues related to his conviction without permission from the trial court, but may appeal issues unrelated to the conviction. This complicates the trial court's task of certifying a defendant's right of appeal in such cases because it cannot know what issues will be raised until an appellate brief is filed. Kahookele v. State, No. 03-04-00493-CR, 2005 WL 115907, at *2 (Tex.App.–Austin May 12, 2005, no pet. h.). The purpose of certification, which is to identify non-appealable cases at an early stage, is also thwarted. *Id*., citing Greenwell v. Court of Appeals, 159 S.W.3d 645, 649 (Tex.Cr.App. 2005).

Where, as here, appellant seeks only to challenge punishment, a post-adjudication issue unrelated to the adjudication of guilt, article 42.12, section 5(b) allows him to do so. Thus, we now abate this appeal and remand the cause to the trial court with directions to re-certify whether appellant has a right of appeal. Tex. R. App. P. 34.5(c)(2), 44.3 & 44.4. The trial court shall immediately cause notice to be given to all parties and thereafter determine whether appellant has a limited right of appeal; if so, it shall execute an amended certification utilizing the form provided in the appendix to the Texas Rules of Appellate Procedure. The certification is to be included in a supplemental clerk's record to be filed with the Clerk of this Court on or before Wednesday, June 30, 2005.

Additionally, should the trial court re-certify that appellant does have a limited right of appeal, it shall also execute an order granting him permission to review the record in

6

preparation of his appellate brief.  Tex. R. App. P. 34.5(g).  The deadline in which to file appellant's brief is *sua sponte* extended to thirty days following the filing of the supplemental clerk's record or Friday, July 29, 2005, whichever is later.

It is so ordered.

Per Curiam

Do not publish.